CASE 19——————DECEMBER 26.

# Bond vs. Mullins.

APPEAL FROM ANDERSON CIRCUIT COURT.

An appeal lies to the circuit court from an order of the county court allowing a gate to be erected across a public road.

Any person has a right to resist the application for the erection of a gate across a public road, and, upon doing so upon the record, he becomes a party to the record, and, under the statute, may prosecute an appeal.

Upon an application to the county court for the privilege of erecting gates across a road, the order appointing viewers must designate the *places* where it is proposed to erect them. Such description as the following: "One at T. K.'s woodland pasture, and the other between said M.'s and Mrs. H.'s" in such order, will render it fatally defective.

In such case the report of the viewers that they viewed "the places proposed to be gated by M. in this order," is defective for the same reason.

The report of the viewers must state the conveniences that would result to the public and individuals from the erection of the gate. A statement that "the public would not be *materially* injured by the gates, and that the applicant would be *considerably benefited* by them," is insufficient.

W. W. PENNY, for appellant, cited *Stanton's Rev. Stat., page* 288, *sections* 10, 11 ; *Ib., section* 3, *page* 285 ; *Ib., page* 294, *section* 40.

J. DRAFFIN, for appellee, cited 1 *Bibb*, 292 ; 3 *Ib.*, 78 ; 2 *J. J. Mar., Williams vs. Jackson ; Payne, &c. vs. Clemments, MS. opin., Sept.*, 1854 ; 2 *Rev. Stat., chap.* 84, *secs.* 10, 11, 12.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT :

The county court of Anderson county, on the application of Mullins, made an order appointing viewers "to view the Bairdstown road, and the places where it is proposed to erect two gates across the same, viz : One at Thos. Kavanaugh's woodland pasture, and the other between said Mullins' and Mrs. Hackley's, and report the conveniences and inconveniences which will result as well to individuals as to the public from the erection of said gates."

At the next term the viewers reported, that "after having viewed the places proposed to be gated by M. M. Mullins in this order, pronounce it to be our belief that the public would not be materially injured by the gates, and that Mullins would be considerably benefited by them."

Exceptions both to the order and the report were filed in due time, by Bond. The court overruled the exceptions, and allowed the applicant to erect two gates at the places mentioned in the order, and rendered a judgment against Bond for costs.

Bond appealed to the circuit court, but his appeal was dismissed, at his costs, and from that order he has appealed to this court.

On what ground the circuit court dismissed the appeal does not appear from the record.

The 40*th section of the chapter on Roads and Passways*, (2 *Rev. Stat., page* 294,) expressly provides that in such cases the party

aggrieved may prosecute a writ of error within one year to the circuit court of the county.

Nor was there any defect or error as to parties. Bond or any other individual had a right to resist the application, and having done so upon the record, he became a party to the proceeding, and had a right, under the statute, to prosecute an appeal.

The order appointing the viewers wholly fails to conform to the requirements of the statute, and is fatally defective, in one particular at least. It gives no sufficient description of the *places* where it is proposed to erect the gates.

The 2*d section* of the chapter requires the viewers to view the road, "and the *places* where it is proposed to erect the gates ;" and the 10*th section* provides that "if the decision be in favor of erecting gates, the court shall fix the *site* of such gates, and the description of the gate to be erected."

It is perfectly manifest that there is nothing in the order in the case which fixes, with any degree of certainty, the *places* or *sites* of the two gates, for the erection of which this application is made.

And the report of the viewers is defective for the same reason, and for the additional reason that it fails to state the conveniences or inconveniences that would result to the public or to individuals. All that the report discloses on this subject is that the public would not be *materially* injured by the gates, and that the applicant would be *considerably benefited* by them.

It is clear, therefore, that upon such an order and such a report the court had no authority to proceed further with the application, but should have sustained the exceptions to both.

The judgment is therefore reversed, and the cause remanded with directions to the circuit court to reverse the order of the county court, to sustain the exceptions of the appellant, and for further proceedings in conformity with this opinion.