OLIVER W. BIRD *vs.* HANDEL N. DAGGETT.

A specification in the articles of association of a joint stock company, that it is established for the purpose of " manufacturing and selling daguerreotype mattings and preservers, and all other goods, wares, merchandise, and articles, made of brass, silver, gold, iron, or other metals, or any compounds thereof," is sufficiently " distinct and definite," within the meaning of the St. of 1851, *c.* 133, § 3, — Gen. Sts. *c.* 61, § 2.

If an agent, who is duly authorized to sign " all notes and business paper " of a corporation gives accommodation notes in the name of the company, the corporation, notwithstanding any want of authority of the agent to execute them for the purposes for which they were given, is liable on them to a holder who took them in good faith, for value, before maturity; and such holder cannot recover damages against the agent for his unauthorized issue of them.

CONTRACT with a count in tort, on two promissory notes dated in August 1860, each for nine hundred and ninety-five dollars and fifty cents, payable to the order of Charles R. Duxbury in six months with interest, signed " Daggett Manufacturing Company, H. N. Daggett, Agent."

At the trial in the superior court, before *Wilkinson,* J., the making of the notes by the defendant, and the indorsement of them before maturity by Duxbury to the plaintiff, were admitted; and it appeared that the Daggett Manufacturing Company was a joint stock company organized in 1857 under the St. of 1851, *c.* 133, and the acts in addition thereto, for the purpose, as specified in the articles of association, " of manufacturing and selling daguerreotype mattings and preservers, and all other goods, wares, merchandise, and articles, made of brass, silver, gold, iron or other metals, or any compounds thereof," that the defendant was president, treasurer, one of the directors, and agent of the company, and, as agent, was, by a by-law existing at the date of the notes, authorized to sign " all notes and business paper of the company," that he made the notes in suit as accommodation paper to enable Duxbury to pay for goods which the week before Duxbury had bought from the plaintiff with an understanding that they should be paid for with notes of that company, and that the defendant told Duxbury, when he gave the notes to him, " that he had no right to use the company paper in that way, and would not do so unless Duxbury would

inform the plaintiff that they were accommodation notes." There was conflicting evidence as to whether the plaintiff did know before he received the notes, that they were accommodation notes merely, he himself testifying that he did not know that fact until after they had matured and had been protested. It appeared that the company failed and stopped business in 1861.

The plaintiff contended that the articles of association of the Daggett Manufacturing Company did not distinctly and definitely specify the purpose for which it was established, as required by the act under which it was organized, and so that it never became a corporation, and therefore that the defendant was individually liable on the notes as a member of the company; but the judge ruled that he was not so liable.

The plaintiff further contended that the defendant was liable on one count or the other, "for giving the notes in suit as and for the notes of the company, alleging that he had no authority to do so and that he knew that he had none;" but the judge ruled otherwise.

Under these rulings a verdict was had for the defendant, and the case was reported for determination by this court.

Other exceptions taken by the plaintiff were waived at the argument.

*E. H. Bennett,* for the plaintiff. 1. The St. of 1851, *c.* 133, § 1, provided that only those persons who should associate themselves together "according to the provisions of this act," and "comply with all the provisions of this act," should become a corporation ; and one provision of the act was that the purpose of the association should be "distinctly and definitely specified" in the articles of association. The description of the purpose of this company was vague and indefinite. Until the completion of the organization according to the requirements of the statute it did not become a corporation. *Utley* v. *Union Tool Co.* 11 Gray, 141. The cases of *Fay* v. *Noble,* 7 Cush. 88, *Trowbridge* v. *Scudder,* 11 Cush. 83, and *Newcomb* v. *Reed,* 12 Allen, 362, are all distinguishable from the present case.

2. The defendant is liable for knowingly giving the notes without authority. Story on Agency, § 264 *et seq. Long* v. *Coburn,*

11 Mass. 97. *Ballou* v. *Talbot,* 16 Mass. 461. *Jefts* v. *York,* 10 Cush. 395. *Trowbridge* v. *Scudder,* 11 Cush. 86, 87. *Polhill* v *Walter,* 3 B. & Ad. 114. *Randell* v. *Trimen,* 18 C. B. 786. *Cullen* v. *Wright,* 7 El. & Bl. 301; 8 Ib. 648. *Pow* v. *Davis,* 1 Best & Smith, 220. *White* v. *Madison,* 26 N. Y. 117. Properly understood, the by-law was to sign all business notes and paper of the company. He had no authority to issue accommodation notes; and the company had no power to give such authority, it being a purpose to which it was not lawful for it to direct its operations or appropriate its funds. St. 1851, *c.* 133, § 3. Gen. Sts. *c.* 61, § 2. The notes were therefore *ultra vires,* and did not bind the company, even if the plaintiff took them as indorsee without knowledge that they were accommodation notes merely. *Pearce* v. *Madison & Indianapolis Railroad Co.* 21 How. 441. *Root* v. *Wallace,* 4 McLean, 8. *Balfour* v. *Ernest,* 5 C. B. (N. S.) 600. *Broughton* v. *Manchester Waterworks Co.* 3 B. & Ald. 1. *Hood* v. *New York & New Haven Railroad Co.* 22 Conn. 502. *Gould* v. *Sterling,* 23 N. Y. 464. *Downing* v. *Mount Washington Road Co.* 40 N. H. 230. *Straus* v. *Eagle Insurance Co.* 5 Ohio State, 59. *Bank of Genesee* v. *Patchin Bank,* 3 Kernan, 309. *Farmers' & Mechanics' Bank* v. *Empire Stone Dressing Co.* 5 Bosw. 275. *Stark Bank* v. *United States Pottery Co.* 34 Verm. 144. The negotiability of the notes does not affect the question. The term negotiability presupposes the existence of a valid instrument, made by some person having capacity or power to make it.

3. The agent, having no authority to make the notes, and knowing that he had none, may be liable, whether the company are so or not.

*E. Ames & J. Daggett,* for the defendant.

FOSTER, J. 1. We are all of opinion that the corporation was duly organized. The only objection insisted upon was that the purposes of the association were not "distinctly and definitely specified." But the enumeration of them, although very extensive, appears to be distinct and definite, and we are aware of no legal objection to the manufacture by a single corporation of the greatest variety of articles.

2. The only remaining claim not waived at the argument is that upon the counts in tort inserted in the declaration the defendant is liable, for having knowingly given the notes without authority. The plaintiff himself testified that he did not know that the notes were accommodation notes until after they matured, and he took them for value before they were due. This was his own claim, and although the defendant controverted it and offered evidence to the contrary, yet the ruling of the court excepted to by the plaintiff appears to have been made upon the strength of his case as presented by his own testimony and on the view of the facts which he himself maintained to be true. In the same aspect we are bound, in justice to the court below, to examine and test its correctness.

The plaintiff, as a *bonâ fide* holder for value of notes taken before maturity, can recover against the corporation, notwithstanding any want of authority of the agent to execute these particular notes for the purposes for which they were given. For the defendant was expressly authorized " to sign all notes and business paper of the company." The plaintiff, therefore, in valid notes against the corporation, has all that he expected to obtain and all that the defendant undertook to give. What injury then has he sustained? The notes cannot be at once binding upon the corporation and the agent. The representation of the agent's authority to give them for the company, whether made expressly or merely implied from the mode of signature, was consequently immaterial. The tort of an agent, who has falsely assumed authority which he did not have, " is a proper subject for special action, in which damages will be recovered according to the injury sustained." *Ballou* v. *Talbot*, 16 Mass. 461. The measure of damages is not necessarily the precise amount of the notes. Where, as in the present case, the plaintiff has suffered nothing, he can recover nothing. For these reasons, in the opinion of the court, the exceptions **must** be overruled.