MONUMENT NATIONAL BANK vs. GLOBE WORKS.

The note of a manufacturing corporation in the hands of a holder in good faith, for value, who took it before maturity and without knowledge that the maker had not received full consideration, can be enforced against the corporation, although it was made as an accommodation note.

HOAR, J. The single question presented for our decision in this cause, all others which arise upon the report having been waived, is, whether the note of a manufacturing corporation, in the hands of a holder in good faith for value, who took it before maturity, and without any knowledge that the makers had not received the full consideration, cannot be enforced against them, because it was in fact made as an accommodation note.

The argument for the defendants takes the ground that to issue an accommodation note is not within the powers conferred upon the corporation; and that, as any persons taking it had notice that it was the note of the corporation, they had notice that it was of no validity unless issued for a purpose within the scope of the corporate powers, and were therefore bound to ascertain not only that it was executed by the officer of the corporation who had the general authority to sign the notes which they might lawfully make, but that the purpose for which it was issued was such as the charter authorized them to entertain and execute.

The court are all of opinion that this position is not tenable, and that the defence cannot be maintained.

It has long been settled in this Commonwealth that a manufacturing corporation has the power to make a negotiable promissory note. *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 282. And it was held in *Bird* v. *Daggett*, 97 Mass. 494, as a just corollary to that proposition, that such a note in the hands of a holder in good faith for value is binding upon the maker, although made as an accommodation note. The question was not discussed, nor the reasons for the decision fully stated, in *Bird* v. *Daggett;* but it was assumed that the doctrine announced was clear and undoubted law.

The doctrine of *ultra vires* has been carried much farther in England than the courts in this country have been disposed to extend it; but, with just limitations, the principle cannot be questioned, that the limitations to the authority, powers and liability of a corporation are to be found in the act creating it. And it no doubt follows, as claimed by the learned counsel for the defendants, that when powers are conferred and defined by statute, every one dealing with the corporation is presumed to know the extent of those powers.

But when the transaction is not the exercise of a power not conferred on a corporation, but the abuse of a general power in a particular instance, the abuse not being known to the other contracting party, the doctrine of *ultra vires* does not apply. As was said by Selden, J., in *Bissell* v. *Michigan Southern & Northern Indiana Railroad Co.* 22 N. Y. 289, 290 : " There are no doubt cases in which a corporation would be estopped from setting up this defence, although its contract might have been really unauthorized. It would not be available in a suit brought by a *bona fide* indorsee of a negotiable promissory note, provided the corporation was authorized to give notes for any purpose ; and the reason is, that the corporation, by giving the note, has virtually represented that it was given for some legitimate purpose, and the indorsee could not be presumed to know the contrary. The note, however, if given by a corporation absolutely prohibited by its charter from giving notes at all, would be voidable not only in the hands of the original payee, but in those of any subsequent holder; because all persons dealing with a corporation are bound to take notice of the extent of its chartered powers. The same principle is applicable to contracts not negotiable. When the want of power is apparent upon comparing the act done with the terms of the charter, the party dealing with the corporation is presumed to have knowledge of the defect, and the defence of *ultra vires* is available against him. But such a defence would not be permitted to prevail against a party who cannot be presumed to have had any knowledge of the want of authority to make the contract. Hence, if the question of power depends not merely upon the law under which the cor-

poration acts, but upon the existence of certain extrinsic facts, resting peculiarly within the knowledge of the corporate officers, then the corporation would be estopped from denying that which, by assuming to make the contract, it had virtually affirmed."

This doctrine seems to us sound and reasonable; and in conformity with it, it was held in *Farmers' & Mechanics' Bank* v. *Empire Stone Dressing Co.* 5 Bosw. 275, that an accommodation acceptance by an officer of a manufacturing corporation, on behalf of the company, was not binding, unless the consideration had been advanced upon the faith of the acceptance; but that if the consideration was paid in good faith after the acceptance, and upon the credit of it, it could be enforced.

So it was said by Lord St. Leonards that he felt a disposition " to restrain the doctrine of *ultra vires* to clear cases of excess of power, with the knowledge of the other party, express or implied from the nature of the corporation, and of the contract entered into." *Eastern Counties Railway Co.* v. *Hawkes*, 5 H. L. Cas. 331, 373.

The cases on which the defendants rely are cases against municipal corporations, in respect to which the rule is much more rigid, or for the most part those in which the other contracting party had notice upon the face of the transaction of the want of corporate power.

There can be no doubt that it is very often true that a corporation may be responsible for the unauthorized, and even for the unlawful acts of its agents, apparently clothed with its authority. No corporation is empowered by its charter to commit an assault and battery; yet it has frequently been held accountable, in this Commonwealth, for one committed by its servants. Bills of a bank issued without consideration, and even stolen, are good in the hands of an innocent holder for value. Many other illustrations might be given, but enough has been said to show the principle on which our decision rests.

*Judgment for the plaintiffs.*

*R. H. Dana, Jr. & T. K. Lothrop,* for the defendants
*C. A. Welch & W. W. Warren,* for the plaintiffs.