LEVI WALLACE vs. INHABITANTS OF THE FIRST PARISH IN TOWNSEND.

If the minutes of the clerk of a parish meeting have never been extended on his record, and are lost, their contents may be proved by parol.

In an action for services to a parish under a contract with its treasurer, the plaintiff need not prove the regularity of the issue and service of the warrant for the parish meeting at which the treasurer was chosen, in order to make out a *primâ facie* case.

The treasurer of a parish may employ an attorney to bring suit to collect a debt due to it, without express authority from the inhabitants or committee of the parish.

CONTRACT, by an attorney at law, for professional services and cash disbursements in a writ of entry brought in the year 1863, in the name and behalf of the defendants, to recover land mortgaged by one George H. Green to secure payment of his promissory note to them.

Trial in the superior court before *Devens*, J., who directed a *pro formâ* verdict for the defendants, and reported the evidence to this court, under an agreement of the parties that if it would sustain the action the verdict should be set aside and the plaintiff have judgment for the full amount of his claim, otherwise judgment to be entered on the verdict. The case is stated in the opinion.

*D. S. Richardson & L. Wallace*, for the plaintiff.

*F. A. Worcester*, for the defendants.

MORTON, J This is a suit to recover for services rendered and money expended in prosecuting a suit in favor of the defendants upon a note and mortgage owned by them. The plaintiff was employed to commence this suit in August 1863, by Joseph Winn, who claimed to act as treasurer of the defendant parish. No record of any meeting of the parish since 1857 can be found. In order to prove that Winn was treasurer, the plaintiff introduced parol testimony, which tended to show that a warrant was issued and a meeting called and held in the spring of 1863 ; that Elisha Withington was elected clerk and Winn treasurer, and a parish committee was chosen ; that the officers were sworn ; that Withington acted as clerk, and took minutes in writing of the proceedings of the meeting ; and that such minutes were never copied into any book, and have been lost or destroyed.

We are of opinion that this testimony was competent. The written minutes of the clerk were, until copied into the regular book of records, if there was one, the records of the meeting. If produced, they would be the proper evidence of the proceedings of the meeting. But as they have been lost or destroyed, the case is brought within the rule that parol testimony is admissible to prove the contents of the record. *Pease* v. *Smith*, 24 Pick. 122.

The plaintiff's testimony tends to prove that Winn was elected treasurer at a meeting apparently regular. The objection that he does not prove that the warrant was duly issued and served, cannot prevail.

It is not distinctly stated in the report that the warrant has been lost, but it is a fair inference that it has been. If so, parol testimony of its contents and service was admissible, and the testimony introduced was sufficient to justify a finding that it was duly issued and served. If not lost, it is in the custody of the defendants and they can produce it; and we do not think that, in a case like this, it is necessary for the plaintiff, in order to make out a *primâ facie* case, to prove the regularity of the steps preceding the meeting. The presumption is that the meeting, being apparently legal and regular, was duly called and held, unless something appears to the contrary. *Thayer* v. *Stearns*, 1 Pick. 109. *Gilmore* v. *Holt*, 4 Pick. 258. *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 282.

But the defendants contend that the treasurer had no authority to employ the plaintiff on behalf of the parish. We think otherwise. The treasurer has charge, by virtue of his office, of the notes and other securities belonging to the parish. It is his duty to collect them ; and he has the incidental power to commence a suit on them, when necessary, and for this purpose to employ counsel.

The result is, that, according to the terms of the report, the verdict is to be set aside and judgment entered for the plaintiff.

*Judgment for the plaintiff.*