## CAMDEN SAFE DEPOSIT AND TRUST COMPANY v. THOMAS ABBOTT.

1. A power of attorney, authorizing the agent to sign the ·principal's name to any paper or papers, notes, &c., does not justify the signing of such documents for purposes outside of the principal's business.
2. The holder of a note, signed by the agent, under such a power, with the principal's name, for the purpose of raising money for the agent's own use, must show that he is a *bona fide* holder, for value, before maturity, in order to recover against the principal.

On rule to show cause.

Argued at February Term, 1882, before Justices DIXON, REED and MAGIE.

For the rule, *Chas. T. Reed.*

*Contra, Samuel H. Grey.*

The opinion of the court was delivered by

DIXON, J.  This suit was brought upon a promissory note drawn to the order of J. R. Abbott, signed with the defendant's name by Jesse R. Abbott, who acted under a power of attorney of the following tenor :

" SIR : This is to certify that J. R. Abbott  *  *  * is this day appointed with power of attorney, and authorized by me to sign my name to any paper or papers, notes, &c.

" T. ABBOTT.

" Dated Sept. 18th, 1878.
" Witness present, WILLIAM J. WESTCOTT."

On the trial a question was raised whether the words " notes, &c.," were not added fraudulently after the defendant

had executed the instrument, but the jury found against this proposition. Such an inquiry seems scarcely important, for the language of the power, without those words, is so general that it is hardly possible to interpret them in such manner as to exclude an authority to sign notes on proper occasions.

But in whichever form the instrument was delivered, it did not justify the signing of notes for purposes outside of the principal's business. *Gulick* v. *Grover*, 4 *Vroom* 463 ; *Stainer* v. *Tysen*, 3 *Hill* 279.

The note in suit was not given for such a purpose, but was put forth for the personal benefit of the attorney, who converted its proceeds to his own use. It was therefore issued under an apparent authority, but in fraud of the principal. The holders of such notes can recover of the principal only on showing that they took them for value, before maturity, and *bona fide.* *North River Bank* v. *Aymar*, 3 *Hill* 262 ; *Duncan* v. *Gilbert*, 5 *Dutcher* 521 ; *Hamilton* v. *Vought*, 5 *Vroom* 187 ; *Bird* v. *Daggett*, 97 *Mass.* 494.

The only evidence touching this matter, in the record before us, is that the attorney received the amount of the note, but when, from whom, and under what circumstances, do not appear.

The verdict for the plaintiff must therefore be set aside, and a new trial granted.

In the case of Joseph J. Read against the same defendant, also, the rule is made absolute for the same reason.