FRANK E. KNEELAND *vs.* BRAINTREE STREET RAILWAY
COMPANY.

Suffolk.   November 10, 1896. — November 23, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note — Corporation — Street Railway — Ultra Vires — Action.*

The giving of a promissory note by a street railway corporation in pursuance of a
vote of its board of directors is not *ultra vires.*

The indorsee of a promissory note made by a street railway corporation in pursu-
ance of a vote of its board of directors, and given in payment of a claim for
services to one of the directors, who indorsed it before maturity, for value, and
without notice of how it was given or what it was given for, may recover upon
it against the corporation.

CONTRACT, upon a promissory note for $500, dated May 26,
1894, payable six months after date to the order of Elisha
Thayer, signed, " Braintree St. Railway Co., By Geo. A. Beaty,
Treas.," and indorsed, " Without recourse. — Elisha Thayer."

At the trial in the Superior Court, before *Richardson,* J., it
appeared that the defendant was incorporated on September
13, 1893, and the railway was not in operation until the fall of
1894, but during that period was in process of construction ;
that Thayer, the payee of the note in suit, was a director of the
defendant corporation, and had performed various services in its
interest both before and after its organization ; that on May
26, 1894, at a meeting of the directors of the corporation, the
following vote was passed: " Whereas the Treasurer of this
Company represents that certain expenditures have been in-
curred in connection with the operation of the road and relative
to its financial condition, — Voted, that the Treasurer be author-
ized to issue notes to the amount of $2,500, payable in six
months, in settlement of said claims " ; and that, in accordance
with this vote, the note in suit was signed by the treasurer at
this meeting and delivered to Thayer, who thereupon signed
the following receipt: " Received of the Braintree Street Rail-
road Company five hundred dollars as payment of claim for
services in securing charter and franchise, and do hereby certify
payment in full from above company."

The following question was submitted to the jury : " Did the plaintiff become the owner of the note before its maturity, paying a valuable consideration therefor, without any notice of how it was given or what it was given for ? " The jury answered, " Yes," and returned a verdict for the plaintiff.

At the request of the parties, the judge reported the case for the determination of this court. If the verdict was warranted, judgment was to be entered thereon ; otherwise, judgment was to be entered for the defendant.

*C. G. Chick & S. Davis,* for the defendant.

*R. F. Herrick & G. Cunningham,* for the plaintiff.

ALLEN, J.   The defendant by common law had the power to incur debts, to contract for the payment of them, and to give promissory notes. *Commonwealth* v. *Smith,* 10 Allen, 448, 455. *Richards* v. *Merrimack & Connecticut River Railroad,* 44 N. H. 127, 135. There is no statute which annulled or limited this power. To give such notes was not *ultra vires. Monument National Bank* v. *Globe Works,* 101 Mass. 57.

By Pub. Sts. c. 113, § 9, the immediate government and direction of the affairs of the defendant company were vested in the board of directors. The board of directors, therefore, was the proper body to authorize the giving of promissory notes in the name of the corporation. *Sargent* v. *Webster,* 13 Met. 497, 503 *Williams* v. *Cheney,* 3 Gray, 215. *Lester* v. *Webb,* 1 Allen, 34. *Hendee* v. *Pinkerton,* 14 Allen, 381, 387. *Sherman* v. *Fitch,* 98 Mass. 59, 64. *Saltmarsh* v. *Spaulding,* 147 Mass. 224, 228. Cook, Stock & Stockholders, § 712.

In the present case, the action of the board of directors may have been an abuse of authority, and as against the payee the defendant may have had a defence. This it is unnecessary to determine. The jury found that the plaintiff became the owner of the note before maturity, for value, and without notice of what it was given for or how it was given. It was given in pursuance of a vote of the board of directors. It was therefore the note of the corporation, not *ultra vires,* made negotiable by its terms, and the plaintiff as indorsee may recover upon it. *Monument National Bank* v. *Globe Works,* 101 Mass. 57. *Merchants' National Bank* v. *Citizens' Gas Light Co.* 159 Mass. 505. *Genesee County Savings Bank* v. *Michigan Barge Co.* 52 Mich. 438. *Wilson* v. *Metropolitan Elevated Railway,* 120 N. Y. 145.

*Judgment on the verdict.*