### DEXTER SAV. BANK v. FRIEND.

(Circuit Court, S. D. Ohio, W. D. November 26, 1898.)

#### No. 5,125.

1. CORPORATIONS—NEGOTIABLE PAPER—AUTHORITY OF OFFICER.

A negotiable note executed in the name of a corporation by an officer or agent having no authority to issue such paper in its behalf is void, but, if the officer or agent had authority to issue notes of the corporation for any purpose, such note is valid and enforceable against the corporation in the hands of a bona fide holder, though executed for an unauthorized purpose.

2. SAME—LIABILITY OF OFFICER FOR UNAUTHORIZED ACTS.

An officer of a corporation, who executes negotiable notes in the name of the corporation, is liable to a bona fide purchaser of the notes in an

action for damages for falsely representing his authority, where he had no authority to issue notes of the corporation for any purpose, and the notes are consequently void; but where he had authority to execute notes in the business of the corporation, although he abused his authority by executing them for an unauthorized purpose, he is not liable to the holder, as the notes are binding on the corporation, as represented, and his liability is to the corporation alone.

3. SAME—AUTHORITY OF PRESIDENT—PRESUMPTIONS.

In the absence of a statute or by-law limiting his authority, the president of a corporation, as its legal head, is presumed to be authorized to bind the corporation by his acts in its name, and notes so executed by him are presumptively valid against the corporation.

Hearing on motion, by agreement of parties treated as a demurrer to the petition.

R. D. Marshall, for plaintiff.

McMahan & McMahan, for defendant.

THOMPSON, District Judge. A motion was filed to the petition in this case to require the plaintiff (1) to separately state and number its causes of action; (2) to make its petition definite and certain by stating how and wherein it was damaged. Upon the hearing the case was submitted to the court upon the second assignment of the motion.

The petition shows: That in the year 1895 the defendant, J. H. Friend, was the president and treasurer of the Friend-Stebbins Manufacturing Company. That it was no part of the business of that company "to make, execute, or put in circulation promissory notes or obligations other than notes or obligations in its business transactions, and connected with the management of its business affairs; all of which the defendant, J. H. Friend, well knew." That the defendant, J. H. Friend, without right or authority, and for the accommodation of E. C. Hargrave & Co., executed and delivered to E. C. Hargrave & Co. two promissory notes, of which the following are copies:

"$3,000.00 West Carrolton, O., Sept. 6th, 1895.

"Four months after date we promise to pay to the order of E. C. Hargrave & Co., three thousand dollars, at First Natl. Bank, Miamisburg, O. Value received. Friend-Stebbins Mfg. Co.,

"No. 186. Due Jan. 6/9/96. By J. H. Friend, Pt. & Treas."

"$3,500.00 West Carrolton, O., Dec. 2nd, 1895.

"Four months after date we promise to pay to the order of E. C. Hargrave & Co., thirty-five hundred dollars, at First Natl. Bank, Miamisburg, O. Value received. Friend-Stebbins Mfg. Co.,

"No. 218. Due April 2/5/96. By J. H. Friend, Pt. & Treas."

—That said notes were not given on account of any business transaction of the Friend-Stebbins Manufacturing Company, nor did it receive any consideration therefor, but that they were given solely for the accommodation of E. C. Hargrave & Co. That the plaintiff purchased these notes before they became due in the regular course of business for a valuable consideration "without any knowledge of the manner or purposes" for which they were given, believing that they "were issued in a business transaction, and for the use and benefit of the said Friend-Stebbins Manufacturing Company." That said plaintiff paid for said notes $6,368.

The second assignment of the motion is predicated upon the fact that the plaintiff is an innocent holder of the notes, and has a right of action thereon against the Friend-Stebbins Manufacturing Company to recover the amount of the moneys mentioned therein, and that, therefore, in this action, which is one to recover damages against the defendant, Friend, for falsely representing that he had authority to sign and put the notes in circulation, the plaintiff is only entitled to recover nominal damages, unless special damages be assigned and definitely set forth in the petition. This proposition concedes the right of the plaintiff to sue the Friend-Stebbins Manufacturing Company upon the notes to recover the amount thereof, and also to sue the defendant, Friend, for damages for falsely warranting that he had authority to sign and put the notes in circulation. I doubt if this position can be maintained. In my opinion, the plaintiff is either limited to an action against the Friend-Stebbins Manufacturing Company on the notes, or has an election either to sue that company upon the notes, or the defendant, Friend, for damages, and cannot pursue both remedies. If the plaintiff can recover its moneys, with interest, by an action on the notes against the company, it has no claim against the defendant, Friend; and, on the other hand, if the present action can be sustained, and the plaintiff is entitled to be made whole for the moneys expended by it in the purchase of these notes, then it has waived its right of action against the company.

The questions, therefore, for consideration upon this motion are: (1) Is the plaintiff limited to an action on the notes against the Friend-Stebbins Manufacturing Company? (2) Or has it an election between an action on the notes against the company and an action against the defendant for damages, for falsely warranting his authority to sign and put the notes in circulation? A distinction must be made between cases where there is an absolute want of authority on the part of the agent and cases where the agent has authority, but abuses it. Where the agent has authority, and where negotiable commercial paper is the subject of the transaction, an innocent holder of the paper gets just what he bargained for; but where the agent is without authority the holder gets nothing. Where the agent is without authority, according to some of the cases, the holder has an election to sue the agent on the paper, treating it as his contract, or to sue him for damages, for falsely warranting his authority to put the paper forth. But the great weight of authority is to the effect that the holder must resort to the latter remedy. The holder cannot look to the principal. Taylor v. Nostrand, 134 N. Y. 109, 31 N. E. 246; Trust Co. v. Floyd, 47 Ohio St. 525, 538-541, 26 N. E. 110; White v. Madison, 26 N. Y. 117, 123-125. And the holder, although but an indorsee of the paper, may maintain an action for damages against the agent if the representation of authority is untrue, even though the agent's motives were good, and no fraud in fact was intended. In such cases, the representation may be regarded as made to all to whom the paper may be offered in the course of circulation. Polhill v. Walter, 3 Barn. & Adol. 114, 123. But where the agent has authority to sign and put forth negotiable commercial paper in behalf of his principal, but abuses the authority given him, if, as in this case, Friend, as the president and treasurer of

90 F.—45

the Friend-Stebbins Manufacturing Company, had authority to sign and put in circulation negotiable commercial paper in furtherance of and in the regular course of the business of the corporation, and, instead of doing that, abused the authority given him by putting forth the paper in question for the accommodation of a stranger, and the paper came into the hands of the plaintiff as an innocent holder, then the corporation is bound, and must pay the notes, and look to Friend for redress for the injury it has sustained. Here the holder has not been deceived or misled. It has got just what it expected to obtain, and can maintain an action against the corporation to compel the payment of the notes, and has no claim against Friend. The wrong involved in Friend's abuse of authority was committed against the corporation, and not against the holder of the paper. Friend, the agent, had authority to put forth business paper on behalf of the corporation, and, so far as the holder is concerned, this is the business paper of the corporation. It was intended that the holder should have a good title to the paper. It was necessary to protect the holder in order to accommodate Hargrave & Co. The representation, so far as the holder is concerned, was not untrue or false. But in view of the fact that the plaintiff got all it bargained for, and has sustained no injury, the representation, if false, is immaterial. Bird v. Daggett, 97 Mass. 494. Therefore, if there was no false representation to the plaintiff, and if plaintiff has a right of action on the notes against the corporation for the recovery of the amount of moneys for which they were given, it can have no right of action against Friend for damages, nominal or otherwise. It has no election, therefore, between an action on the notes against the company and an action against the defendant for damages for falsely warranting his authority to sign and put the notes in circulation, but is limited to an action on the notes against the company.

Upon the proposition that the innocent holder of such paper has a right of action upon it against the principal, I cite the following cases: Bank of Genesee v. Patchin Bank, 13 N. Y. 315, 19 N. Y. 312; Farmers' & Mechanics' Bank v. Butchers' & Drovers' Bank, 16 N. Y. 129; Olcott v. Railroad Co., 27 N. Y. 546; Bank of New York v. Muskingum Branch Bank, 29 N. Y. 619; Mechanics' Banking Ass'n v. New York & S. White Lead Co., 35 N. Y. 505; Monument Nat. Bank v. Globe Works, 101 Mass. 57; 2 Beach, Priv. Corp. § 391. The cases cited by the plaintiff's counsel are consistent with these cases. And as to the authority of the president to act for the company, it has been held by the supreme court of Illinois, in accordance, I think, with the prevailing rule, that: "In the absence of legislative enactment, or provision made in the by-laws, corporations usually act through their president. He being the legal head of the body, when an act is performed by him the presumption will be indulged that the act is legally done, and is binding upon the body." It is alleged in the petition that Friend, as president and treasurer, was not authorized to sign the notes in question, but it is not alleged that he was not authorized to sign and put forth business

paper; on the contrary, the allegations of the petition, fairly construed, justify the inference that he had such authority.

Counsel having consented that the second assignment of the motion might be treated as a demurrer to the petition, it will be so treated, and sustained on the ground that the petition does not state facts sufficient to constitute a cause of action.