## First National Bank of Pittsburg, Kansas, Appellant, v. Darlington.

*Corporations—Foreign corporations—Liability of stockholders.*

In an action by a judgment creditor of a Kansas mortgage, loan and trust company against a Pennsylvania stockholder of the company to enforce the additional liability provided by the constitution of Kansas, where it appears that the judgment of the plaintiff was based upon an accommodation indorsement by the corporation, the defendant cannot relieve himself from liability, unless he can show by the charter of the corporation that the debt was not " essential to the transaction of its ordinary affairs," and within " the legitimate objects of its creation."

Argued Nov. 18, 1903.   Appeal, No. 109, Oct. T., 1903, by plaintiff, from judgment of C. P. Chester Co., Oct. T., 1901, No. 17, on verdict for defendant, in case of First National Bank of Pittsburg, Kansas, v. Hoopes Darlington.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Assumpsit against the stockholder of a foreign corporation to enforce additional liability.   Before BUTLER, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Thomas W. Pierce,* for appellant.—The judgment recovered is conclusive against the corporation, and is prima facie evidence of the matters adjudicated therein, in the action against the stockholder: Grund v. Tucker, 5 Kansas, 70 ; Collingwood v. Irwin, 3 Watts, 306 ; Building Society v. Holt, 184 Pa. 572.

In this state and the state of Kansas, it is held that the contract of a corporation beyond its powers may be enforced, where it has been fully executed on the one side.   This is upon the principle that the party is estopped, after having received the advantage of the contract, to set up the want of power in the

corporation, to make it: Alexandria, etc., R. R. Co. v. Johnson, 58 Kan. 175 (48 Pac. Repr. 847) ; Oil Creek, etc., R. R. Co. v. Penna. Trans. Co., 83 Pa. 160 ; Wright v. Pipe Line Co., 101 Pa. 204 ; Boyd v. Am. Carbon Black Co., 182 Pa. 206 ; Ins. Co. v. Brownback, 1 Pa. Superior Ct. 183.

If the act is within the usual scope of the corporation's ordinary business powers, it is not technically ultra vires and defensible at suit of such holder for value ; so an accommodation note although executed ultra vires is good in the hands of a bona fide holder for value : 1 Randolph on Commercial Paper, sec. 334 ; Willmarth v. Crawford, 10 Wendell, 341.

The general doctrine of the law is that where a corporation has a power, under any circumstances, to issue negotiable paper, a bona fide holder has a right to presume that it was issued under the circumstances giving such requisite authority, and such paper is no more liable to be impeached for infirmity, in the hands of such a holder, than any other commercial paper : Nat. Bank v. Young, 41 N. J. Eq. 531 ; Gelpcke v. City of Dubuque, 68 U. S. 175 ; Wright v. Pipe Line Co., 101 Pa. 204 ; Bird v. Daggett, 97 Mass. 494 ; Monument Nat. Bank v. Globe Works, 10 Mass. 57.

By the constitution of Kansas the stockholder is liable individually to a creditor for dues from the corporation, to an amount equal to his stock. This relation between the creditor and stockholder is contractual : Cushing v. Perot, 175 Pa. 66 ; Ball v. Anderson, 196 Pa. 86.

*W. S. Harris* and *J. Frank E. Hause*, for appellee.—The question here involved has been expressly ruled by the Supreme Court of the United States in Ward v. Joslin, 186 U. S. 142 (22 Sup. Ct. Rep. 807), and the court below followed this ruling in granting the new trial and in subsequently directing a verdict for the defendant.

Darlington, the appellee, was entitled to rely upon the fact that the corporation of which he became a member, was bound by law to conduct its business in accordance with its charter powers, before he could be called upon to respond for its indebtedness. The statute under which he is made liable for corporate " dues " must be strictly construed : O'Reilly v. Bard, 105 Pa. 569.

OPINION BY PORTER, J., July 28, 1904:

The plaintiff is a creditor of an insolvent Kansas corporation and brought this action against the defendant, an individual stockholder of said corporation resident in this state, to enforce the personal liability imposed upon said stockholder by the constitution and laws of the state of Kansas. The obligation of the stockholder of a Kansas corporation is to be measured, as to its extent and character, by the law of that state: Cushing v. Perot, 175 Pa. 66 ; Ball v. Anderson, 196 Pa. 86.

The plaintiff offered in evidence upon the trial in the court below, the record of a proceeding in the district court of Crawford county, Kansas, in which he was the plaintiff and the Neosho Valley Investment Company (a corporation) was defendant, showing a judgment in favor of the plaintiff and against the defendant for $887. There was included in this record an agreement in writing which had been filed by the parties in these words : " It is agreed by and between the plaintiff and the defendant, . . . . that: the Pittsburg, Frontenac & Suburban Electric Railway Company executed a negotiable promissory note, the one in suit, to the Neosho Valley Investment Company ; that said Neosho Valley Investment Company, for value, indorsed and delivered to plaintiff said note, merely for the accommodation of the Pittsburg, Frontenac & Suburban Electric Railway Company, and that the said Pittsburg, Frontenac & Suburban Electric Railway Company, then received the original and only consideration for the note from the said First National Bank of Pittsburg, Kansas, the plaintiff in this suit, and that the said First National Bank was the first and only holder of the note for value. It is therefore agreed that the First National Bank of Pittsburg, Kansas, purchased the said note before maturity, paying full value therefor, and in the ordinary course of business, and without any notice of the fact that said indorsement was an accommodation indorsement, and without any notice of any defects existing in said note as between the parties thereto. The defendants, the Neosho Valley Investment Company, and E. W. Miturn (receiver) never had any interest in the said note save and except as above stated." The plaintiff also offered in evidence the clause in the constitution of the state of Kansas which provides that : " Dues from corporations shall be secured by

individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law, but such individual liability shall not apply to railroad corporations or corporations for religious or charitable purposes;" also, chapter 23, article 5, pl. 1206, of the General Statutes of the state of Kansas of 1889: "No stockholder shall be liable to pay debts of the corporation beyond an amount due on the stock and an additional amount equal to the stock owned by him;" and, also, chapter 23, article 4, pl. 1192 of the General Statutes of 1889, which provides that when execution has been issued against a corporation and no property can be found whereon to levy the same, then execution may upon the order of the court issue against any of the stockholders; "or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment." The parties agreed at the trial that the defendant "is a stockholder in the Neosho Valley Investment Company, which is a Kansas corporation, a mortgage, loan and trust company, and within that class of corporations held by the law where there is individual liability of stockholders, to the extent of twenty-three shares, the par value being $100, and that he was a stockholder at the time of this liability incurred by the defendant, and that the stock was paid in full."

The defendant offered in evidence certain provisions of the General Statutes of Kansas of 1889, providing for the organization of loan and trust companies, and defining the powers of corporations generally, and the limitations thereof: "Every corporation has power; seventh, to enter into any obligation or contract essential to the transaction of its ordinary affairs;" and, "No corporation created under the provisions of this act shall employ its stock, means, assets, or other property, directly or indirectly, for any other purpose whatever, than to accomplish the legitimate objects of its creation." The charter of the corporation in question seems to have been lost, and there was no evidence offered by either party as to its contents.

The learned judge of the court below being of opinion that the defendant, as a stockholder, was not liable for a debt founded upon an accommodation indorsement by the corporation

and upon the authority of Ward v. Joslin, 186 U. S. 142 (22 Sup. Ct. Rep. 807), directed a verdict in favor of the defendant, and from that ruling we have this appeal.

The conclusion reached in Ward v. Joslin resulted from the application of the principles announced in that case to facts which, upon competent evidence, had been definitely and judicially determined. Ward had in the courts of Kansas obtained a judgment against a corporation of that state, upon which judgment an execution had been issued and returned nulla bona; he then brought an action against Joslin, a stockholder of the corporation, in the circuit court of the United States for the district of New Hampshire, alleging "that by reason of the premises and by virtue of the constitution, statutes and laws of the state of Kansas in such case made and provided," a right of action against the defendant had accrued. A jury was waived and the cause submitted to the circuit court for trial, and evidence was produced, including the record of the Kansas judgment and the charter of the corporation. The circuit court found, inter alia, that Ward's claim against the trust company was a guaranty, given for a valuable consideration, of the payment of certain promissory notes from one third party to another, and not a guaranty of the payment of securities negotiated by the company, that the business which the corporation was authorized to do was " to buy and sell personal property, including notes, etc., and to transact the business of a loan and trust company; " and that a guaranty of this character was not intended by the defendant stockholders, and was not contemplated by the Kansas constitution as a due or a debt within the proper scope of the business of the corporation. The decision of the Supreme Court of the United States was based upon the facts so found, and it was held that the plaintiff was obliged to go behind the judgment of the court of Kansas and aver his right to recover, " by virtue of the constitution and statutes of the State of Kansas in such case made and provided; " that the provision of the constitution of the state of Kansas, if properly construed, imposes the liability in question only in respect of dues resulting in the regular course of business and in the exercise of powers possessed by the corporation; and that the stockholder might properly be permitted to go behind the judgment so far as to show that he was

not liable under the constitution and laws of that state.    The court held that the power which the corporation had attempted to exercise was not "essential to the transaction of its ordinary affairs," nor within "the legitimate objects of its creation," and that the defendant was not liable, as a stockholder, for the claim.    The fact that the transaction was a mere loan of the credit of the corporation appeared upon the face of the contract.

When the want of power is apparent upon comparing the act done with the terms of the charter, the party dealing with the corporation is presumed to have knowledge of the defect, and the defense of ultra vires is available against him : Bissell v. Michigan Southern Railroad Company, 22 N. Y. 258.    When the transaction is not the exercise of a power not conferred on a corporation, but the abuse of a general power in a particular instance, as the dishonest act of an officer within the general scope of his authority, the abuse not being known to the other contracting party, the doctrine of ultra vires does not apply : Gunster v. Scranton Illuminating, etc., Company, 181 Pa. 327 ; Bank v. Globe Works, 101 Mass. 57 ; Atchison, etc., Railroad Company v. Fletcher, 35 Kansas, 236 (10 Pac. Repr. 596).

The court below was not warranted in determining as matter of law, in the absence of evidence as to the powers conferred by the charter of the Neosho Valley Investment Company, that the contract upon which the plaintiff relied was one which the corporation did not have authority to make.    The parties had agreed upon the trial in the court below that the company was "a Kansas corporation, a mortgage, loan and trust company, and within the class the stockholders of which are individually liable under the constitution of Kansas."    It is not unusual for loan and trust companies to deal in commercial paper, and there is certainly no presumption, in the absence of evidence, that they have not the power to do so.    The title to commercial paper passes by indorsement and delivery, and the power to deal in it implies the power to indorse it. The judgment of the court of Crawford county, Kansas, was conclusive as to the liability of the corporation : Hancock National Bank v. Farnum, 176 U. S. 640 (20 Sup. Ct. Rep. 506).    The presumption, therefore, arises that the indorsement was regularly executed and that the corporation had

the power to make the contract, and that presumption must stand until it is overthrown in the manner which was pursued in Ward. v. Joslin. If when the charter of the corporation in question is produced it should be found to be "essential to the transaction of its ordinary affairs," and, within "the legitimate objects of its creation," that it should have the power to negotiate and indorse commercial paper, then the contract here in question was within the general scope of its business. There may be no doubt that Robert Simpson, the president of the trust company, grossly abused the confidence reposed in him by the company and stole its credit for the purpose of furthering his individual interest, but if he had general authority to dispose of and indorse the securities of the company, the fact that he in this instance abused his power would not, unless the plaintiff was aware of his misconduct, relieve the trust company from responsibility for his act. The defendant did not produce evidence which would have warranted a finding that the corporation had exceeded the powers conferred upon it by its charter, nor is it contended that the bank accepted its security under circumstances which amounted to notice to it that the president of the trust company was going beyond the scope of his authority.

The judgment is reversed and a venire facias de novo awarded.