# First National Bank of Pittsburg, Kansas, *v.* Darlington, Appellant.

*Corporations—Foreign corporations—Liability of stockholders.*

In an action by a judgment creditor of a Kansas mortgage, loan and trust company against a Pennsylvania stockholder of the company to enforce the additional liability provided by the constitution of Kansas, where it appears that the judgment of the plaintiff was based upon an accommodation indorsement by the corporation, the defendant cannot relieve himself from liability, unless he can show by the charter of the corporation that the debt was not "essential to the transaction of its ordinary affairs," and within "the legitimate objects of its creation."

Argued Nov. 21, 1905. Appeal, No. 54, Oct. T., 1905, by defendant, from judgment of C. P. Chester Co., Oct. T., 1901, No. 17, on verdict for plaintiff in case of First National Bank

of Pittsburg, Kansas, v. Hoopes Darlington.   Before RICE, P. J.,
BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.
Affirmed.

Assumpsit against the stockholders of a foreign corporation.
Before BUTLER, J.

The facts are stated in the opinion of the Superior Court
and in the report in 25 Pa. Superior Ct. 438.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,418.82.   Defendant
appealed.

*Error assigned* was in refusing binding instructions for de-
fendant.

*W. S. Harris* and *J. F. E. Hause*, for appellant.

*T. W. Pierce*, for appellee filed no paper-book.

OPINION BY PORTER, J., March 12, 1906 :

The only assignment of error refers to the refusal of the court
below to give binding instructions in favor of the defendant.
The court had, at a former trial of the case, given the instruc-
tions prayed for and the judgment in favor of the defendant
was, upon that ground, reversed by this court : First National
Bank of Pittsburg, Kansas, v. Darlington, 25 Pa. Superior Ct.
438.   All the evidence at the former trial, and in addition the
charter of the corporation, had been presented at the trial which
resulted in the judgment from which we have this appeal.
The facts are fully set forth in the report of the former appeal,
25 Pa. Superior Ct. 438, and for matters of detail it is only
necessary to refer to that report, a mere outline being all that
is here necessary.

The defendant is and was at the time the alleged liability
arose a stockholder in the Neosho Valley Investment Company,
a Kansas corporation, and within that class of corporations the
stockholders of which are individually liable, under the consti-
tution and laws of Kansas.   The Pittsburg, Frontenac & Sub-
urban Electric Railway Company executed a negotiable prom-
issory note, the one on which plaintiff's claim is founded,
payable to the order of the Neosho Valley Investment Company,

which latter company, for value, indorsed and delivered to plaintiff said note, merely for the accommodation of the Pittsburg, Frontenac & Suburban Electric Railway Company; the plaintiff purchased the said note before maturity, paying full value therefor, in the ordinary course of business, and without any notice of the fact that said indorsement was an accommodation indorsement, and without any notice of any defects existing in said note as between the parties thereto; the plaintiff brought an action in the state of Kansas against the Neosho Valley Investment Company, upon the indorsement, and recovered a judgment against that corporation, which proved to be insolvent, and the present action is brought to enforce the individual liability of the appellant, as a stockholder. The charter of the Neosho Valley Investment Company had not been offered in evidence at the first trial, and we said, in our former opinion, " If when the charter of the corporation in question is produced it should be found to be ' essential to the transaction of its ordinary affairs,' and within ' the legitimate objects of its creation,' that it should have the power to negotiate and indorse commercial paper, then the contract here in question was within the general scope of its business."

The charter was offered in evidence at the trial which resulted in the present judgment, and it is conceded that the corporation had power to make, buy, sell, negotiate and indorse commercial paper. The power to indorse commercial paper which the corporation had exercised was one essential to the transaction of its ordinary affairs and within the legitimate objects of its creation. This controlling fact distinguishes the present case from Ward v. Joslin, 186 U. S. 142 (22 Sup. Ct. Repr. 807), in which the power attempted to be exercised was not within the scope of the business of the corporation, and the fact that the transaction was a mere loan of the credit of the corporation appeared upon the face of the contract.

When the transaction is not the exercise of a power not conferred upon a corporation, but the abuse of a general power in a particular instance, as the dishonest act of an officer within the general scope of his authority, the abuse not being known to the other contracting party, the doctrine of ultra vires does not apply: First National Bank v. Darlington, 25 Pa. Superior Ct. 438, and cases there cited.

The stockholders of the corporation had elected the officers to whom the management of its business was committed; so long as those officers acted in a regular manner and the contracts into which they entered were such as the charter of the corporation authorized it to make, although they may have used the power with which they were vested to the detriment of the interest of the stockholders, the abuse not being known to the other contracting party, the corporation was bound by the contracts, and a liability arising thereupon was a due of the corporation. The authorities referred to in our former opinion lead to the conclusion that there was no error in the refusal of the court below to affirm the point submitted by the defendant.

The judgment is affirmed.