## Nathan Cushing v. T. Morris Perot, Appellant.

*Foreign corporation—Stockholder—Liability of Pennsylvania stockholder in Kansas corporation.*

In an action in this state by a foreign creditor of a foreign corporation against a stockholder, a citizen of Pennsylvania to recover liabilities imposed on stockholders by the law of the state where the company was incorporated, an affidavit of defense is sufficient which avers that suit had already been brought and judgment obtained against the defendant in the state where the company was incorporated on his liability as a stockholder, and that execution had been levied on his real estate there.

The liability imposed by the laws of Kansas upon stockholders of corporations for an additional amount, equal to the stock owned by them, is contractual in character, and may be enforced outside of the limits of the state of Kansas.

*Foreign corporation—Foreign creditor—Resident stockholder—Receiver.*

A single foreign creditor of an insolvent Western Farm Mortgage Trust Company of the state of Kansas, cannot sue one of its stockholders, a citizen of Pennsylvania, in Pennsylvania, in an action of assumpsit, upon the liabilities imposed by the laws of Kansas upon the stockholders to pay the debts of a corporation to an amount equal to the stock owned by them, if it appears that a receiver has been appointed by a court having jurisdiction over the corporation. Such liability is an asset for the payment of the creditors of the corporation and the receiver alone has the right to sue for its collection.

*Corporation—Creditor—Receiver.*

A receiver represents not only the corporation but all its creditors, and as to the latter it is his duty to secure all the assets available for their payment. For this purpose he succeeds to their rights, and has all the powers to enforce such rights that the creditors before his appointment had in their own behalf, even though such powers be beyond those which he has as the representative of the corporation alone. As each creditor may sue, the right is equal in all, and common to all, and hence the receiver who represents all alike is the proper party to assert the common right and pursue the common remedy for the common benefit. Per MITCHELL, J.

If any creditor, or class of creditors have special claims against special liabilities, that does not deprive the receiver of the right or relieve him from the duty to gather them all into his hands for proper distribution. In this manner the rights of all will be protected and justice be done in a single proceeding in which every one will get what is his due, no one will be called upon to pay more than his fair proportion, and the expense, delay, inconvenience and inevitable occasional injustice of separate actions by different creditors against different stockholders with their attendant legion of resulting actions for contribution will be avoided. Per MITCHELL, J.

Argued Jan. 17, 1896. Appeal, No. 178, July T., 1895, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1894, No. 760, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to enforce a liability of a stockholder of a corporation of the state of Kansas, imposed by the laws of Kansas.

The plaintiff's statement was as follows:

Nathan Cushing, the plaintiff in the above case, claims of the defendant, T. Morris Perot, the sum of $5,000, which sum is justly due and owing by the defendant to the plaintiff, upon the cause of action whereof the following is a statement:

Heretofore, to wit, upon the 1st day of December, 1888, the defendant subscribed for fifty shares of the par value of $100 of the capital stock of the Western Farm Mortgage Trust Company, a corporation created and doing business under and by virtue of the laws of the state of Kansas, with its principal office situate in the city of Lawrence, state of Kansas.

The said fifty shares of stock in said corporation were immediately thereafter issued to the said defendant, and he then was, and now is, the holder of said stock, and entitled to all the rights, benefits and privileges, and subject to all of the duties, liabilities and obligations arising therefrom.

Plaintiff alleges that the said corporation was, inter alia, empowered " to issue and sell its debentures, and secure the same by pledge of notes, bonds and other securities, real and personal; to guarantee the payment of principal and interest of loans by it negotiated, or made and sold."

That the said corporation sold a large number of bonds, and mortgages, and debenture bonds in the city of Philadelphia, state of Pennsylvania, in which city and state the said defendant is, and was, a resident.

That upon the 5th day of March, 1892, the said corporation became insolvent, and a receiver was, on that day, appointed to wind up and settle the affairs of the said corporation.

That the constitution of the state of Kansas and a general statute in force at the time said company was incorporated and said subscription of stock was made as aforesaid, and still in force in said state, provide as follows:

ARTICLE XII. SECTION 2, OF THE CONSTITUTION.

" Dues from corporations shall be secured by an individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious and charitable purposes."

An act of the general assembly of the state of Kansas, approved the 29th day of February, 1868, entitled :

" AN ACT CONCERNING PRIVATE CORPORATIONS." CHAPTER 23, SECTION 46.

" No stockholder shall be liable to pay debts of a corporation beyond the amount due on his stock and an additional amount equal to the stock owned by him."

SECTION 32 OF THE AFORESAID ACT OF THE GENERAL ASSEMBLY.

" If any execution shall have been issued against the property or effects of a corporation, except a railway, or religious, or a charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon ; but no execution shall issue against any stockholder except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court after reasonable notice in writing to the person or persons sought to be charged; and upon such motion, such court may order execution to issue accordingly, or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

That during the year 1890, the plaintiff became a creditor of the said corporation, and upon the 23d day of March, 1893, instituted an action against the said corporation in the circuit court of the United States, in the district of Kansas, known as the eighth judicial circuit, to recover the amount of the said indebtedness, said action being numbered 6952. The said action was so proceeded in, that upon the 10th day of February,

1894, after legal service of the writ upon the defendant corporation, the said plaintiff obtained a judgment against the said defendant corporation, and damages were assessed in the sum of $4,738.

That upon the 22d day of February, 1894, the plaintiff caused an execution to be issued under said judgment against the said defendant corporation to the United States marshall for said district, who returned said execution wholly unsatisfied, it appearing that there could not be found any property whereon to levy such execution, all of which will more fully and at length appear by reference to certain exemplified copies of the records of said circuit court hereto attached and marked schedule " A " and schedule " B," and made a part of this, the plaintiff's statement of demand.

That there is now due the said plaintiff the amount of said judgment, $4,738, with interest thereon from February 10, 1894, at 6 per centum per annum, together with $25.41 costs, or a total of $5,028.73 ; and the said sum of $5,028.73 was due the said plaintiff at the time the writ in this case was issued.

Plaintiff avers that no part of said judgment, interest or costs has been paid to him by the said defendant corporation, and that the same remains wholly unpaid and unsatisfied ; and that the said defendant corporation owns no property, estate or effects from which the said judgment can be paid or collected.

By virtue of the premises, and the provisions of the constitution of the state of Kansas, and the act of assembly herein referred to, the said defendant, T. Morris Perot, became, and is, liable individually and severally to the plaintiff for the sum of $5,000, that being the amout of the stock owned by him of the defendant corporation, to wit, The Western Farm Mortgage Trust Company.

The plaintiff alleges that prior to the bringing of this suit he notified defendant of the facts herein set forth, and demanded from him payment of the said sum of $5,000 as aforesaid, which the defendant has refused and neglected to pay, or any part thereof.

The affidavit of defense was as follows :

T. Morris Perot, the defendant above named, being duly affirmed according to law, says that there is a defense to the plaintiff's claim in the above stated suit, the nature and charac-

ter of which are as follows, viz : I deny that I am indebted to the plaintiff in any sum whatever. The plaintiff's demand is based upon the alleged law of the state of Kansas, to the effect that the stock of a corporation is liable to the creditors of the corporation for a sum equal to the par value of the stock. I own fifty shares of the stock of The Western Farm Mortgage Trust Company, for which I paid full par value, in cash; and when I purchased this stock, I had no knowledge nor information in regard to the Kansas laws. I am a citizen of Pennsylvania, and I deny that the laws of Kansas are binding upon me. And further, I am the owner of certain Kansas mortgages which are guaranteed to me by the said The Western Farm Mortgage Trust Company for about $5,000, which mortgages are now utterly worthless, and I therefore claim that I am a creditor of the said trust company for $5,000 upon their said guaranty. Suit has been brought against me, on my alleged liability as stockholder of The Western Farm Mortgage Trust Company, in the district court of Marion county, state of Kansas, by the Western National Bank of New York as creditor of The Western Farm Mortgage Trust Company, and judgment has been rendered therein against me for about $5,000, on which execution has been issued and levied upon my real estate in Kansas. This judgment exhausts any possible liability which I may have incurred under the alleged Kansas laws to any creditor of The Western Farm Mortgage Trust Company, and I therefore deny that the plaintiff has any claim against me for any sum whatever.

All of which is true, and all of which I expect to be able to prove on the trial of this cause.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*William C. Hannis, Albert S. Letchworth* with him, for appellant.—The Kansas statute should not be enforced in this state, because ; (*a*) It is penal in character; (*b*) to enforce it in this state is a matter of comity, not of right, and it would work a hardship on a citizen of this state who has already paid more than his share ; (*c*) justice cannot be done between the creditors and stockholders in this proceeding: Dreisback v. Price, 133

Pa. 560; Woods v. Wicks, 7 Lea, 40; Derrickson v. Smith, 27 N. J. L. 166; Moies v. Sprague, 9 R. I. 541; Sturges v. Burton, 8 Ohio, 215; Gridley v. Barnes, 103 Ill. 211; Sayles v. Brown, 40 Fed. 8; Patterson v. Lynde, 112 Ill. 205; Rice v. Hosiery Co., 56 N. H. 127; May v. Black, 77 Wis. 107; Nimick v. Iron Works, 25 W. Va. 184; Bank v. Rindge, 154 Mass. 203; Fowler, v. Lamson, 146 Ill. 472; Hoyt v. Bunker, 50 Kansas, 574; Leucke v. Tredway, 45 Mo. App. 507; Universal Fire Ins. Co. v. Tabor, 27 Pac. 890; Baines v. Babcock, 27 Pac. 674; Wilson v. Seligman, 144 U. S. 41; Stutz v. Handley, 41 Fed. Rep. 531; Curran v. Bradner, 27 Ill. App. 582; Libby v. Tobey, 82 Me. 397; Aultman's App., 98 Pa. 505; Bank v. Gillespie, 115 Pa. 564.

The defendant had a right to set off in this action his claim as a creditor of the corporation to an amount equal to his liability as a stockholder on its guaranty of the mortgages purchased by the defendant from the corporation and which proved to be worthless: Globe Pub. Co. v. Bank, 59 N. W. Rep. 683; Abbey v. Long, 44 Kansas, 688; Coquard v. Prendergast, 35 Mo. App. 243; Wheeler v. Millar, 90 N. Y. 353; Mathez v. Neidig, 72 N. Y. 100; Agate v. Sands, 73 N. Y. 620; Inman v. Benton, 79 Me. 148; Webber v. Leighton, 8 Mo. 502; Merchants Ins. Co. v. Hill, 12 Mo. 148; Boyd v. Hall, 56 Ga. 563; Richards v. Kingsley, 12 N. Y. 125; Appleton v. Turnbull, 84 Me. 72.

The defendant had a right in this action to plead in bar, that another creditor of the corporation had proceeded against his property by attachment in Kansas, had obtained judgment against him for about $5,000, and had levied upon his real estate in Kansas for said judgment, and that this judgment exhausted any possible liability he may have incurred: Wells v. Robb, 43 Kansas, 201; Bittner v. Lee, 25 Mo. App. 559; Hoyt v. Bunker, 50 Kansas, 574; Richards v. Brice, 22 N. Y. 289; Bank v. Rindge, 154 Mass. 203.

A creditor of an insolvent corporation cannot maintain an action in his own behalf to recover for unpaid stock held by a stockholder while the affairs of the corporation are in the hands of a receiver: Merchants' Nat. Bank v. Northwestern Mfg. Co., 51 N. W. 119; Ins. Co. v. Boggs, 37 W. N. C. 266.

*A. W. Horton*, for appellee.—The Kansas statute should be

enforced in this state : Bagley v. Tyler, 43 Mo. App. 195 ; Bank of North America v. Rindge, 57 Fed. Rep. 279 ; Tuttle v. Bank, 9 National Corporation Rep. 316 ; McVickar v. Jones, 70 Fed. 754; Rhodes v. Bank, 66 Fed. Rep. 512; Flash v. Conn., 16 Fla. 428 : Cuykendall v. Miles, 10 Fed. 342 ; Sackett's Harbor Bank v. Blake, 3 Rich. Eq. 225 ; Bank v. Gustin Mining Co., 42 Minn. 327 ; Hodgson v. Cheever, 8 Mo. App. 318 ; Paine v. Stewart, 33 Conn. 516 ; Saving Assn. v. O'Brien, 3 N. Y. Sup. 764 ; Savings Assn. v. O'Brien; 51 Hun, 45 ; Lowry v. Inman, 46 N. Y. 119; Ex parte Van Riper, 20 Wend. 614; Aultman's App., 98 Pa. 505 ; Aldrich v. Coal Co., 32 Pac. 765 ; Woods v. Wicks, 7 Lea, 40 ; Thompson on Stockholders, sec. 80 ; Ochiltree v. R. R., 21 Wall. 249 ; Howell v. Manglesdof, 33 Kansas, 194; Abbey v. Dry Goods Co., 44 Kansas, 415.

The defendant cannot set off his claim against the corporation in this action : Thompson on Stockholders, sec. 381 ; Long v. Ins. Co., 6 Pa. 421 ; Hilliers v. Ins. Co., 3 Pa. 470; Abbey v. Long, 44 Kansas, 688.

The defendant cannot shield himself from liability by alleging that judgment has been "rendered" against him for about $5,000, and a levy made upon his real estate in Kansas : Wells v. Robb, 43 Kansas, 201 ; Thompson on Stockholders, sec. 424 ; Cole v. Butler, 43 Me. 401.

*Thomas Hart, Jr.,* filed a paper-book upon behalf of another defendant sued by the same plaintiff in another court upon the same cause of action.

OPINION BY MR. JUSTICE MITCHELL, April 13, 1896 :

The affidavit sets up three grounds of defense, first, that defendant is a citizen and resident of Pennsylvania and is not bound by the laws of Kansas under which the liability is claimed to arise ; secondly, that he is a creditor of the Western Farm Mortgage Trust Company, as well as a stockholder, and presumably that he claims a right of set-off against the liability if it exists, and thirdly, that suit has already been brought and judgment obtained against him in Kansas on his liability as a stockholder and execution has been levied on his real estate there.

The second defense is not averred with sufficient precision to

be available to prevent judgment, even if it were good in substance, which is not entirely clear on the authorities.

The third defense, though it is not averred with the precision as to dates, amounts, etc., which it should have, nevertheless sets up a substantial bar to plaintiff's suit. A levy in execution is presumed to be satisfaction, and the affidavit avers that the levy on his real estate in Kansas was for an amount that exhausted his liability there. This would be a good defense, even in Kansas, for the constitution of that state limits the individual liability of stockholders to " an additional amount equal to the stock owned by each stockholder," and it is expressly said in Howell v. Manglesdorf, 33 Kans. 194, that the defendant " may also set up as a defense that he is discharged by having already paid the amount of his individual liability to other creditors of the corporation." On this point the defendant was entitled to go to a jury, and it was error to enter judgment against him.

The first point though averred with the generality and looseness that pervade the whole affidavit, raises questions of great nicety, involving general principles of jurisprudence, the comity between states, and the conflict of laws with regard to both rights and remedies. The difficulty of these questions is shown by the conflicting views in a large number of courts of the last resort. The plaintiff asks us to enforce against a citizen of Pennsylvania a liability created solely by the local statutes of Kansas, and to enforce it in the form prescribed by those statutes, although that form is repugnant not only to our own established mode of procedure in analogous cases, but also to strong considerations of convenience and natural justice. The first question that arises is the nature of the liability created by the statute. If it is penal, the authorities are all agreed that it will not be enforced outside of the jurisdiction of the state imposing it. If however it is contractual, or in the phrase preferred by some writers, statutory only, the authorities differ widely whether it should be enforced at all, and if enforced, whether in the form directed by the statute, or in that of the lex fori. In regard to the Kansas statute under consideration, my individual opinion is that by the weight both of reason and authority the liability created by it is contractual and should be enforced by any court having jurisdiction of the parties. And

I understand our own case of Aultman's Appeal, 98 Pa. 505, to tend towards that view. But for reasons to be given presently we are not required to enter into this discussion. The cases have been collected and cited in the argument, and the whole subject will be found ably treated in 23 Am. & Eng. Ency. of Law, tit. Stockholders, pp. 867 and 890–894.

As to the mode of enforcement the decisions of the Supreme Court of Kansas seem to have settled that the statute contemplates a separate action at law against each stockholder. Abbey v. Dry Goods Co., 44 Kans. 415; Howell v. Bank, 52 Kans. 133. The courts of some other states however, notably of Massachusetts, have refused to sustain such actions, on the ground that the relations of the creditors and of the stockholders among themselves cannot be properly determined in that way. Certainly by far the most convenient and just method is by bill in equity to which all the stockholders can be made parties and their rights settled. This is the established mode of procedure in Pennsylvania in analogous cases.

The special fact however that makes it unnecessary in the present case to determine the ultimate rights of the plaintiff, or the mode of their enforcement, appears in the statement, where it is set forth that a receiver for the corporation was appointed before this suit was begun. If the defendant's liability under the statute to the creditors of the corporation in which he is a stockholder is contractual—and it is only in that aspect that it will be enforced at all outside of Kansas—then it was like any other claim, an asset for the payment of the corporate debts, and as such the right to sue on it passed to the receiver. This is the general rule, so far as we are aware, and is so manifestly in accordance with justice, as well as convenience, that in the absence of an express decision of the Supreme Court of Kansas to the contrary we must presume that such is the law in that state. No such decision has been brought to our notice. In Abbey v. Dry Goods Co., 44 Kans. 415, it does appear that the corporation had made an assignment for the benefit of creditors, but the court took no notice of this fact, probably considering it unnecessary to do so, as the case was reversed solely on the points raised in the pleadings as clearly appears by the reference in the opinion to the absence of a judgment against the corporation, which would seem to be a fatal objection, but which the

court merely referred to by saying that it had not been discussed and would not be decided.

It is true that Mr. Cook in his treatise on Stock and Stockholders says broadly, that the right to sue on the statute " is not to be numbered among the assets of the corporation. . . . A receiver has no power to enforce such a liability : " Sec. 218. But Mr. High in his standard work on Receivers says more cautiously, " The authorities are not wholly reconcilable as to the right of a receiver of a corporation to maintain an action in behalf of its creditors, to recover of shareholders an individual liability imposed by charter or statute upon shareholders for the protection of creditors : " Sect. 317 *a.*

The cases relied upon by Cook in support of his text are from Illinois and New York. The former appear to go to the extent claimed, as it is said in Arenz v. Weir, 89 Ills. 25, that " this insurance company having passed to a receiver diminishes in no degree the liability of a stockholder to a creditor of the company. The creditor stands on an independent platform above that of the receiver, having no concern with the corporation, and the stockholder is bound under the law to answer to him. The stockholder is not under the control or in the power of the receiver, but holds a fund, so to speak, out of which the creditors of the company may be paid." I do not find that this doctrine has been changed by that court, but it is apparent that it rests on the particular wording of the statute involved and not on general principles, for in Wincock v. Turpin, 96 Ills. 135, three judges of the seven dissented on this point, and in Munger v. Jacobson, 99 Ills. 349, a similar liability was enforced in a bill by the receiver. The case of Jacobson v. Allen, 20 Blatchf. 525, was by the receiver of an Illinois corporation, and the decision was based on Arenz v. Weir, supra.

The New York cases cited by Cook look the same way, but are less positive than those in Illinois, and it is equally clear that they rest on the special phraseology of the statutes : Billings v. Robinson, 94 N. Y. 415, was a suit by a receiver and decided on the ground that the corporation had released the defendant before this suit was brought. The court said, " The receiver who is plaintiff is not shown to represent any creditor having any equities against Robinson (defendant). . . . So far as the case shows, the receiver represents in this action only

the corporation which assented to the substitution of Marshall's liability for that of Robinson." And that in New York a receiver can recover unless prevented by the language of the particular statute appears to follow from the cases of Story v. Furman, 25 N. Y. 214, and Atty. Gen. v. Guardian Ins. Co., 77 N. Y. 272. In fact in no case that I have seen are the inconveniences of separate actions by the creditors, and the advantages of one suit by a receiver in behalf of all, more forcibly set forth than by FOLGER, J., in Pfohl v. Simpson, 74 N. Y. 137.

In Patterson v. Stewart, 41 Minn. 84, under an act making the directors of a corporation ordering or assenting to a violation of any of its provisions, jointly and severally liable for all corporate debts subsequently contracted, it was held that the appointment of a receiver did not prevent an action by a single creditor against a director, but the decision was put upon the special provisions of the statutes (whose "chaotic condition" is referred to in the opinion by MITCHELL, J.), and particularly on the fact that the liability was unlimited, and "what one creditor may collect will not reduce the amount which another may recover." And in Minn. Manuf. Co. v. Langdon, 44 Minn. 37, the same learned judge intimates that as this point was not the principal one in that case, it may have to be reconsidered, and it was held that the statutory right to recover from stockholders capital which had been unlawfully refunded to them as dividends without provision for the corporate debts was an asset which vested in the receiver for the benefit of all the creditors. The case was put upon the broad ground of the receiver's rights and powers. "Everything becomes assets in his hands which was assets as to creditors, as well as what was assets as to the corporation."

These are all the cases we have been able to find on the subject, and in the absence of a controlling weight of authority, and as already said especially in the absence of an express decision of the Supreme Court of Kansas, we are not willing to depart from the settled general rule. The objections to doing so appear to us unanswerable. A receiver represents not only the corporation but all its creditors, and as to the latter it is his duty to secure all the assets available for their payment. For this purpose he succeeds to their rights, and has all the powers to enforce such rights that the creditors before his

appointment had in their own behalf, even though such powers be beyond those which he has as the representative of the corporation alone. As each creditor may sue, the right is equal in all, and common to all, and hence the receiver who represents all alike is the proper party to assert the common right and pursue the common remedy for the common benefit. We do not of course refer to pending suits already begun by creditors before the appointment of the receiver. As to them his power to interfere may be doubted. But as to others he is clearly the proper party. If any creditor or class of creditors have preferred claims, or as argued here, special claims against special liabilities, that does not deprive the receiver of the right or relieve him from the duty to gather them all into his hands for proper distribution. In this manner the rights of all will be protected and justice be done in a single proceeding in which every one will get what is his due, no one will be called upon to pay more than his fair proportion, and the expense, delay, inconvenience and inevitable occasional injustice of separate actions by different creditors against different stockholders, with their attendant legion of resulting actions for contribution, will be avoided. This is so consonant with convenience and natural justice, as well as with our own settled procedure in analogous cases, that we will not be easily moved to depart from it.

We hold therefore that the right to sue, if there is any, is in the receiver, and that plaintiff cannot maintain the present action. The ultimate questions whether the courts of this state will enforce the statutory liability under the law of Kansas at all, and if so, whether against separate stockholders or only in the form established by our own practice in similar cases, we leave to be decided when they arise.

Judgment reversed.