## Ball v. Anderson.

Corporations—Foreign corporations—Liability of stockholder.

The obligation of a stockholder of a foreign corporation is to be measured as to its extent and character by the law of the state under whose laws the corporation was organized.

Where the court of last resort of a state under whose laws a foreign corporation was organized, has construed a statute so as to uphold the

right of a creditor of the corporation to proceed directly against a stock-
holder, the courts of this state are bound to follow the decision, although
in a previous case between other parties they decided the contrary; and
this is the case although the legislature of the foreign state, in the mean-
time, but after the right of the plaintiff had accrued, had changed the law
so as to take from the creditor his direct remedy against the stockholder.

*Corporations—Liability of stockholders—Set-off.*

In a suit by a creditor of a Kansas corporation against a stockholder
under the Kansas statute, the stockholder may set off the indebtedness of the
corporation to him, and he may also show that the plaintiff had already pro-
ceeded against other stockholders in Kansas whereby he may have col-
lected part or all of his claim.

Argued Feb. 6, 1900. Appeal, No. 387, Jan. T., 1899, by
plaintiff, from judgment of C. P. Chester Co., Jan. T., 1893,
No. 57, on verdict for defendant, in case of William E. Ball,
Trustee, v. Joseph Anderson, executor of Eber Anderson, de-
ceased. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN
and BROWN, JJ. Reversed.

Assumpsit against a stockholder of a foreign corporation.

From the record it appeared that the action was brought by
a Kansas judgment creditor of a Kansas corporation against a
Pennsylvania stockholder therein to collect from the latter so
much of plaintiff's judgment, as equaled the par value of de-
fendant's stock. The action was based upon the Kansas act of
October 31, 1868. From the plaintiff's statement it appeared
that plaintiff had instituted suits in Kansas against Kansas
stockholders based upon the judgment which he had recovered
against the corporation. It appeared from the evidence that the
Kansas Savings Bank against which the plaintiff had recovered
judgment and of which the defendant was a stockholder, was
indebted to the defendant.

Defendant presented the following points:

2. If any right of action exists against the defendant it would
be an asset of the corporation, and such action cannot be main-
tained by the plaintiff as a creditor of such corporation, but
must be brought by a receiver or some one who can act for all
parties concerned, if such right of action exists. *Answer:* Af-
firmed. [1]

3. Under all the evidence in this case your verdict must be
for the defendant. *Answer:* Affirmed. [2]

88     BALL *v.* ANDERSON.

4. A creditor of a Kansas corporation cannot maintain a suit in Pennsylvania against a stockholder of such corporation who is a citizen and resident of this state to enforce the liability created solely by the local statutes of the state of Kansas. *Answer:* Affirmed. [3]

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*A. U. Bannard* and *W. S. Windle*, of *Butler & Windle*, for appellant.—The decision of the Supreme Court of Kansas is binding upon this court: Palmer v. Ridge Mining Co., 34 Pa. 288 ; Fairfield v. County of Gallitin, 100 U. S. 47 ; Louisiana v. Pillsbury, 105 U. S. 278; Sleeper v. Norris, 59 Kan. 555; Sterne v. Atherton, 51 Pac. Repr. 791 ; Pierce v. Topeka Commercial Security Co., 55 Pac. Repr. 853 ; National Bank v. Magnuson, 57 Kan. 573; Howell v. Manglesdorf & Co., 33 Kan. 194; Huntington v. Attrill, 146 U. S. 657 ; Hancock Nat. Bank v. Ellis, 172 Mass. 39.

*Charles H. Pennypacker*, for appellee.—Cushing v. Perot, 175 Pa. 66, rules this case.

OPINION BY MR. JUSTICE MITCHELL, May 21, 1900 :

The question of the right of an individual creditor of an insolvent Kansas corporation to sue an individual stockholder in this state, came before us in Cushing v. Perot, 175 Pa. 66. We there expressed the opinion that the liability of the stockholder, though imposed by statute was contractual in its nature, and should be enforced by any court having jurisdiction of the parties.

We further held that the extent and character of the obligation under the Kansas statutes must be determined by the law as interpreted by the Kansas courts. But the statute was full of unnecessary hardship and injustice to the stockholder and of dangerous opportunity of fraud by the creditor, through suits against individuals all over the country with no guard against the collection of his full debt successively from each. We therefore endeavored to mitigate the hardship and obviate the

injustice of the statute as far as practicable by a construction in harmony with the general principles of equity and our own modes of proceeding. Finding that there was no express decision of the Supreme Court of Kansas to the contrary we felt free to hold that on the appointment of a receiver, the right of action against the stockholder on his individual liability passed to the receiver as an asset for the benefit of all the creditors.

In the present case however our attention has been called to a subsequent decision of the Supreme Court of Kansas upon the exact point. In Sleeper v. Norris, 59 Kan. 555, it was held that the statute gave the individual creditor an action in his own right against the individual stockholder, the court saying, " it may be as contended, that the assignee can proceed against the stockholders, and thus obtain a fund for the settlement of the corporate indebtedness, but, however that may be, the statute in plain terms confers this right upon the creditor himself and hence the contention of the defendant that the right of action is vested exclusively in the assignee cannot be upheld."

This closes the question for us. As we have already held the obligation of the stockholder is to be measured as to its extent and charactor by Kansas law, and whatever our opinion may previously have been we are bound to conform our administration of the law to the decisions of the Kansas courts. The learned judge below followed the case of Cushing v. Perot, supra, and for this, through no fault of his we must reverse the judgment.

It appears in the present case that since the decisions quoted, the legislature of Kansas has recognized the justice of the criticisms on the statute and has accordingly amended it to conform to the general equitable principles of collection and distribution. This however cannot affect the rights of the plaintiff in the present case. It is not a change of remedy only within the entire control of the legislature, but of substantive rights. See Dexter v. Edmands, 89 Fed. Repr. 467.

The clear weight of authority appears to be in favor of the right of the stockholder to set off the indebtedness of the corporation to him, and it is claimed by appellee that appellant has already proceeded against other stockholders in Kansas whereby he may have collected part or all of his claim. Both defenses should be held open to this defendant.

Judgment reversed and venire de novo awarded.