# Bates *v.* Day.

*Corporations—Foreign corporations—Insufficient parties—Stockholders'*
*additional liability.*

The liability of stockholders of a foreign corporation for the debts of the corporation " in double the amount of the par value of stock owned by them respectively," cannot be enforced in this state by a suit in equity in which some only of the creditors are parties plaintiff, and only one stockholder is a party defendant, and the corporation itself is not a party to the suit either as plaintiff or defendant.

Argued Jan. 10, 1901. Appeal, No. 212, Jan. T., 1900, by plaintiffs, from decree of C. P. No. 3, Phila. Co., June T., 1896, No. 1050, dismissing bill in equity in case of Frank P. Bates et al. v. Harry K. Day and Richard H. Day, Executors of Charles Day, Deceased. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity to enforce the additional liability of a stockholder of a foreign corporation.

The bill contained the following averments :

1. The plaintiffs are creditors of the Colorado Savings Bank on account of deposits made between July 13, 1887, and July 17, 1893.

2. The defendants are holders and owners of thirty shares

of the capital stock of the said bank, the stock certificate having been issued on July 13, 1887.

3. The Colorado Savings Bank was incorporated under the laws of Colorado on June 17, 1887, with a capital of $50,000, divided into 500 shares of the par value of $100 each.

4. The act of the general assembly of the state of Colorado, approved May 24, 1885, provides as follows: "Shareholders in banks, savings banks, trust, deposit and security associations, shall be held individually responsible for debts, contracts and engagements of said associations, in double the amount of the par value of the stock owned by them respectively."

5. On July 17, 1893, the said bank made an assignment for the benefit of creditors. There have been two dividends, one of ten per cent, and the other of five per cent, paid to the creditors of the said bank out of the assigned estate. The total liabilities of the said bank to its creditors at the time of the assignment were $548,000. The remaining assets of the said bank, exclusive of the statutory liability of its shareholders, do not exceed in value $175,000. The actual deficiency of the assets of the bank, exclusive of the statutory liability aforesaid, will not be less than $125,000, and that sum at least will be required in addition to all that is now in hand to pay the creditors.

6. At the time of the assignment of the bank, there were outstanding 500 shares of its capital stock of the par value of $100 each.

7. The defendants are the only stockholders in Pennsylvania.

The prayers were for an accounting between the defendants and the plaintiffs, and that the defendants be ordered to pay the plaintiffs and the other creditors of the bank that might thereafter intervene in the suit double the amount of the par value of the stock held by the said defendants, to wit: the sum of $6,000, and for general relief.

The answer denied the liability of defendant.

The court in an opinion by McCarthy, J., dismissed the bill.

*Error assigned* was the decree dismissing bill.

*James Collins Jones*, with him *Lewin W. Barringer*, for ap-

pellants.—The courts of this state will enforce the statutory liability of stockholders of corporations of other states : Aultman's App., 98 Pa. 505 ; Cushing v. Perot, 175 Pa. 66 ; Bull v. Anderson, 196 Pa. 86 ; Huntington v. Attrill, 146 U. S. 657 ; Whitman v. Oxford National Bank, 176 U. S. 559; Hancock National Bank v. Farnum, 176 U. S. 640.

In a suit based on a statute of another state imposing a liability on the stockholders of a corporation in favor of its creditors, the decisions of the courts in that state are the best evidence of the character and extent of the liability imposed by the statute : Merrimac Mining Co. v. Levy, 54 Pa. 227 ; Aultman's App., 98 Pa. 505 ; Ball v. Anderson, 196 Pa. 86.

The right to the money collectible from the stockholders under the statute in question in this case belongs to the creditors as a body, and neither the bank nor its assignee has any interest in it.

A Philadelphia court of equity may properly take jurisdiction of such a bill as that filed in this case : Bardon v. Land & River Improvement Co., 157 U. S. 327 ; Holland v. Challen, 110 U. S. 15 ; Cowley v. Northern Pac. R. R. Co., 159 U. S. 569 ; Gump's App., 65 Pa. 476 ; Dauler v. Hartley, 178 Pa. 23.

*Frank P. Prichard*, for appellees.—The bill was properly dismissed for insufficient parties : Cushing v. Perot, 175 Pa. 66 ; Hanson v. Davison, 73 Minn. 454 ; Hale v. Hardon, 89 Fed. Repr. 283 ; Wigton v. Bosler, 102 Fed. Repr. 70 ; Finney v. Guy, 82 Northwestern Repr. 595 ; Auer v. Lombard, 72 Fed. Repr. 209 ; Zang v. Wyant, 25 Colorado, 551 ; Bank of Virginia, v. Adams, 1 Parsons' Select Equity Cases, 534 ; Aultman's App., 98 Pa. 505 ; Elkhart Nat. Bank v. Northwestern Guarantee Loan Co., 87 Fed. Repr. 252 ; State Nat. Bank v. Sayward, 91 Fed. Repr. 443 ; Erickson v. Nesmith, 86 Mass. 233 ; McLaughlin v. O'Neill, 7 Wyoming, 187 ; Phipps v. Jones, 20 Pa. 260 ; Liederkranz Society v. Germania Turn-Verein, 163 Pa. 265 ; Rice Co. v. Libbey, 85 Fed. Repr. 821 ; Terry v. Little, 101 U. S. 216 ; Pfohl v. Simpson, 74 N. Y. 137.

OPINION BY MR. JUSTICE POTTER, February 25, 1901 :

The Colorado Savings Bank, a corporation organized under the laws of the state of Colorado, failed, and made an assignment

for the benefit of its creditors. The assignee has not yet completed the conversion of the assets or made any final distribution of the proceeds thereof, and the deficiency as regards payment to the creditors is not ascertained. The statute of Colorado fixing the liability of shareholders in institutions of this kind, declares that "shareholders in banks, savings banks, trust, deposit and security associations, shall be held individually responsible for debts, contracts and engagements of said association, in double the amount of the par value of the stock owned by them respectively."

In construing this statute, the Supreme Court of Colorado in the case of Zang v. Wyant, 25 Colo. 551, held that the proper procedure to enforce the liability of stockholders in an insolvent bank, for the debts of the corporation, is by suit in equity by a creditor or creditors, for the benefit of all the creditors.

Suit was commenced by a bill in equity in the district court for the county of Arapahoe, Colorado—by certain creditors of the Colorado Savings Bank, against all the stockholders of the said bank residing in Colorado. That proceeding is still pending and undetermined.

The present case is a bill in equity brought by certain creditors of the bank, incorporated in the state of Colorado, against one of the stockholders resident in Pennsylvania, to enforce the statutory liability imposed by the act of assembly of the state of Colorado. The bill is not filed by all of the creditors, but by a few of them. The corporation itself is not made a party defendant, neither are the shareholders other than the one resident in Pennsylvania. The question now to be determined is, whether the suit as thus instituted, may be maintained here. It may be conceded, in accordance with the opinion of the learned court below, that the liability of the stockholders in the Colorado Savings Bank may properly be enforced in the present proceeding, if all proper parties to the action be joined. But no authority has been cited to sustain the right to a separate bill in equity, in a foreign jurisdiction, by part of the creditors, against part of the stockholders, where the corporation is not a party. On the contrary, the trend of judicial opinion is the other way. In Cushing v. Perot, 175 Pa. 73, our Brother MITCHELL points out the advantage of an action for the benefit of all creditors, saying, " in this manner, the rights of all will be

protected and justice be done in a single proceeding, in which every one will get what is his due, but no one will be called upon to pay more than his fair proportion, and the expense, delay, and inevitable occasional injustice of separate actions by different creditors, against different stockholders, with their attendant legion of resulting actions for contribution, will be avoided. This is so consonant with convenience and natural justice, as well as with our own settled procedure in analogous cases, that we will not be easily moved to depart from it." In Bank of Virginia v. Adams, 1 Parsons' Select Equity Cases, 534, a bill was filed in Pennsylvania on behalf of certain creditors of a Virginia corporation against certain stockholders resident in Pennsylvania. The court sustained a demurrer and dismissed the bill upon the ground that the proceeding was in the nature of the collection of a general fund for the payment of the corporate creditors, and could only be enforced in a suit to which the corporation itself, and all the other stockholders were parties.

In the case of Elkhart Nat. Bank v. Northwestern Guaranty Loan Co., 87 Fed. Repr. 252, the facts were similar to those in the present case. A creditor of the loan company, which was a Minnesota corporation, filed a bill in equity in the circuit court of the United States for the eastern district of Pennsylvania, against certain stockholders of the corporation, who were resident in Pennsylvania. The bill alleged that the company had been adjudged insolvent in Minnesota ; that by the laws of Minnesota, the stockholders were personally liable, each in an amount equal to the par value of the stock, and that the deficiency of assets was greater than the whole amount payable by the stockholders.

The court dismissed the bill, and the court of appeals affirmed the judgment, saying in the course of its opinion, " We are now called upon to decide whether the company, and non-resident stockholders, are necessary parties to the litigation. This is the only question presented. . . . To enable the court to make a decree, it must take an account, determine the amount of assets, the extent of indebtedness, and the names and situations of the stockholders, the number of shares held by each, and thus determine what each should contribute, if contribution is found to be necessary. Can it be done in the

absence of the loan company, and the nonresident stockholders? We are confident in the judgment that it cannot; first, because they are directly interested in the result; and second, because the defendants sued cannot protect themselves and secure a just determination of their liabilities."

A similar conclusion was announced by the circuit court of appeals for the first circuit of the United States in State National Bank v. Sayward, 91 Fed. Repr. 443, the statement by the court being, "if these defendants are liable in some proceeding, somewhere, what they owe, certainly belongs to all the creditors pro rata, and not to such as sue, or may join."

The Supreme Court of Massachusetts in Ehrickson v. Nesmith, 4 Allen, 233, dismissed a bill filed by certain creditors of a New Hampshire corporation against certain Massachusetts stockholders, holding that in order to be maintained it must be in behalf of all the creditors and against all the stockholders, and that the corporation itself must be a party. The same ground was taken by the Supreme Court of Wyoming in McLaughlin v. O'Neill, 7 Wyoming, 187.

We concur in the reasoning of these cases, and in the principle established by them, and in the conclusion reached by the learned court below. The liability imposed upon the stockholders is not the primary resource, or fund for the payment of the debts of the corporation, but is to be treated as collateral to the principal obligation, which rests upon the corporation. Nor is it proper that part of the creditors should be allowed to maintain a separate suit for the enforcement of the liability in their own behalf; the security created by the statute should rather be held for the benefit of all creditors.

With part of the creditors—and a single stockholder only, as parties to this proceeding, it was not within the power of the court below, to administer the equitable relief required.

The bill should have been filed by, or on behalf of all the creditors, and the corporation itself, and all the shareholders should have been made parties defendant. The decree of the court below is affirmed, and the appeal dismissed with costs.