## Broderick, Superintendent of Banks, v. Stephano

*Laurence H. Eldredge* and *C. Brewster Rhoads*, for plaintiff.
*Foulkrod, Sheppard, Porter & Alexander*, for defendant.

HEILIGMAN, J., October 3, 1933.—This is an action of assumpsit brought by Joseph A. Broderick as Superintendent of Banks of the State of New York against Stephen Stephano to recover from him the sum of $23,100, the amount of an assessment made against the defendant as a stockholder in The Bank of the United States. The statement of claim avers that said bank is a New York corporation in which defendant owned 924 shares of the capital stock on December 11, 1930, the date on which plaintiff as Superintendent of Banking took possession of said bank in accordance with section 57 of the Banking Law of the State of New York, which section is pleaded. The statement of claim also sets forth article VIII, section 7, of the Constitution of the State of New York, imposing double liability upon stockholders in banking institutions, and section

120 of the Banking Law, which imposes a similar liability and provides that the liability shall be enforced by action in the name of the superintendent, unless he refuses, fails, or neglects to do so, in which case a creditor may bring such action. Section 80 of said law, also pleaded, empowers the superintendent to determine when such liability of the stockholders shall be enforced and the amount thereof and fixes the procedure as to notice, time of payment, etc., to be followed by the superintendent in enforcing such liability. The statement of claim avers in detail the steps taken by the superintendent to impose liability upon the defendant and other stockholders, which steps are in conformity with the sections of the statute pleaded.

To this statement of claim defendant's brother filed an affidavit of defense raising questions of law, namely: Whether or not the plaintiff should have joined all other stockholders of The Bank of the United States as defendants, and whether or not plaintiff has any standing to bring this suit in this State.

In the Tentative Draft No. 3 of the American Law Institute's Restatement of the Law of Conflict of Laws, the following appears:

"Section 198. The existence and extent of the obligation of a shareholder for assessments or to contribute to the corporation for the payment of debts of the corporation is determined by the law of the State of incorporation.

"Section 199. The obligation of a shareholder to contribute to the corporation may be enforced in any state which provides a remedy adapted to the purpose."

In commenting on the latter section, the reporter points out that, under the section, where additional liability has been imposed upon the shareholder by the law of the incorporating State, a receiver of the corporation can sue a shareholder in any State to recover the amount of the shareholder's obligation.

The comment further notes that the State of incorporation alone has jurisdiction to ascertain the debts of the insolvent corporation and the proportionate amount which each stockholder must pay, but once the obligations of the shareholders have been determined by the courts of the incorporating State, every other State will enforce the obligation against shareholders personally within its jurisdiction. The existence and amount of the debts and the proportionate share thereof of each stockholder is res adjudicata, and the liability of the stockholder will be enforced everywhere upon the judgment thus rendered in the incorporating State.

The foregoing meets all the objections which might be urged to this suit under Bates v. Day, 198 Pa. 513, 516, 517. There some of the creditors of a Colorado corporation brought suit in Pennsylvania against one stockholder, a resident of Pennsylvania, to enforce the liability of stockholders for debts of the corporation, such liability being imposed by a Colorado statute. At the time the deficiency as regards payment to the creditors had not been ascertained, and a similar suit instituted in Colorado against all the stockholders residing there was still pending. The court dismissed the bill for want of proper parties, quoting from Cushing v. Perot, 175 Pa. 66, 77, as follows: "In this manner the rights of all will be protected and justice be done in a single proceeding in which every one will get what is his due, no one will be called upon to pay more than his fair proportion, and the expense, delay, inconvenience and inevitable occasional injustice of separate actions by different creditors against different stockholders, with their attendant legion of resulting actions for contribution, will be avoided. This is so consonant with convenience and natural justice, as well as with our own settled procedure in analogous cases, that we will not be easily moved to depart from it." Elkhart National Bank v. Northwestern Guaranty Loan Co. et al., 87 Fed, 252 was also quoted as follows: "We are now called upon to decide whether the company and nonresident stockholders are

necessary parties to the litigation. This is the only question presented . . . To enable the court to make a decree it must take an account, determine the amount of assets, the extent of indebtedness, and the names and situation of the stockholders, the number of shares held by each, and thus determine what each should contribute, if contribution is found to be necessary. . . . Can it be done in the absence of the loan company and the nonresident stockholders? We are confident in the judgment that it cannot: First, because they are directly interested in the result and, second, because the defendants sued cannot protect themselves and secure a just determination of their liabilities."

The rule proposed by the restatement meets all of these objections. The deficiencies due creditors, liabilities of stockholders, and the rights and equities of the corporation itself are all determined in advance in proceedings taken in the incorporating State, and the result of those proceedings is enforced in other States. When the suit also requires the determination of such questions in order to fix liability, the propriety of the ruling in Bates v. Day is obvious, but when such questions have been determined by competent authority, the futility of repeating the process is equally obvious. In the present case, the deficiency due creditors and the extent of liability of the stockholders have all been determined by the Superintendent of Banks in New York in accordance with the provisions of the law there. As a result of his determination, in our opinion the various claims against stockholders are ripe for individual prosecution.

Concededly there can be dispute as to what is the competent authority to determine the liability of stockholders. Defendant attacks the authority of the Superintendent of Banks on the ground that his power is arbitrary and should not be recognized in this State on grounds of public policy. This contention is based on the fact that the superintendent may take possession of a bank or corporation whenever it appears to him that the bank or corporation has done certain things. This same provision is in our Banking Act of June 15, 1923, P. L. 809, section 30, as amended. Moreover, section 60 of the New York act provides for an appeal to the Supreme Court from the action of the superintendent in taking possession of such institutions. Also defendant urges that the fact that, after the superintendent has determined from his examination of the corporation's affairs that the reasonable value of its assets is not sufficient to pay its creditors in full, he may enforce the individual liability of the stockholders in whole or part, clearly indicates that enforcement of individual liability is entirely discretionary with the superintendent. However that may be, this section of the New York act also is substantially the same as the provisions of section 37 of our own Banking Act. Since our own Banking Act is similar, in respect to the provisions in question, to the New York act, it would not be contrary to public policy to enforce the New York act in this State. We therefore conclude that the authority of the Superintendent of Banks given to him by the laws of New York should be recognized here.

The remaining point of importance urged by defendant is that local creditors of the insolvent bank may be prejudiced by permitting a foreign receiver to remove property of the insolvent in this State. The claim sought to be enforced here, however, is for the amount for which defendant is made liable as a stockholder under the laws of New York. It is not a claim which any individual creditor residing in this or any other State, including New York, could enforce, for under the statute the creditors have a standing to proceed only when the superintendent refuses to do so, and since the superintendent has proceeded in this case creditors' rights are eliminated. An ancillary receiver in this State would not be in a position to enforce the claim. The claim is a statutory asset, so to speak, for the benefit of all creditors, and as the record now stands, only

the Superintendent of Banks of the State of New York may collect it. There is some analogy to the situation in suits under death statutes. In such cases it is settled that the sole person who may sue and collect damages is the one designated by the laws of the State creating the cause of action, irrespective of the laws of the state in which the action is brought. Rosenzweig, admnx., v. Heller, 302 Pa. 279.

For the foregoing reasons, the questions of law raised by defendant's affidavit of defense are decided against the defendant and leave is granted to defendant to file a supplemental affidavit of defense to the averments of fact of the statement of claim within 15 days.

And now, to wit, October 3, 1933, the affidavit of defense is not sustained, and it is adjudged that the plaintiff's statement of claim sets forth in proper form a valid cause of action. Leave is given to defendant to file an affidavit of defense of fact within 15 days.