Emerson's Estate.

Argued May 17, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. Perry Eckels,* with him *Charles B. Stegner,* for appellant.

*Leonard S. Levin,* with him *Kent & Mook,* for appellee.

OPINION BY MR. JUSTICE MAXEY, July 7, 1937:

The claim in litigation against this decedent's estate is that of the receiver of an Illinois bank to enforce the statutory liability of decedent as a stockholder. The claim was allowed by the court below upon adjudication of the final account of the Second National Bank of Titusville, Executor, and it has appealed.

The matter of the claim was referred to an auditor by the court below, after the issuance of a citation to appellant executor. The auditor conducted a hearing, proof being offered in the form of oral evidence and interrogatories. He filed a report, making findings of fact, the substance of which follows:

Decedent died on July 22, 1932, and at the time of her death was the owner of 60 shares of the capital stock of Central Manufacturing District Bank, of Chicago, the par value thereof being $6,000. Fifty shares she had acquired on January 13, 1928, and the other ten on February 1, 1929. A month after her death, on June 24, 1932, the Auditor of Public Accounts of the State of Illinois, whose status as a public officer appears to be similar to that of our Secretary of Banking, ordered the bank's operations suspended and closed its business. A subsequent audit showed the bank was insolvent, and an adjudication to that effect was decreed by the Circuit Court of Cook County, Chicago, Illinois, on August 6, 1932. By this decree the court found that the Auditor of Public Accounts, pursuant to law, had appointed one Leimert as receiver of the bank's property and assets. The latter filed his bond and entered upon the performance of his duties. The court confirmed the appointment and conferred upon the receiver of the

closed bank the usual liquidating powers. Subsequently, the claimant herein, Howard K. Hurwith, appellee, was appointed receiver of the bank for the special purpose of enforcing creditors' claims against stockholders arising from their ownership of stock of an insolvent Illinois bank, and he prosecutes the claim involved herein against the executor of the deceased stockholder.

The chief ground for reversal urged by appellant executor is that claimant, as receiver, was not authorized by law to prosecute the claim in a Pennsylvania court, or to receive payment thereof if allowed. Appellant's position is that the right of action is in the creditors of the closed bank alone, under applicable Illinois law, not in a receiver appointed by its courts. It is not denied that decedent was a stockholder at the time when the bank became insolvent and was closed. Prima facie, the liability in question appears to exist. Its creation is provided for by the Constitution of Illinois, 1870, Art. XI, sec. 6, as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

This constitutional provision, though declared by the Illinois courts to be self-executing without the aid of an enforcing statute (*Rhode v. State Bank of Beverly Hills,* 268 Ill. App. 578), has nevertheless been implemented by section 6 of the Illinois General Banking Act, which became effective December 1, 1920: Illinois Laws, 1919, p. 224. This section of the statute is almost in identical words with the provision of the constitution quoted. The constitutional liability of the stockholder of a bank, through a purchase of such stock by him and assumption of the status of stockholder, establishes a contractual obligation, and has been held to survive against a deceased stockholder's estate: *Heine v. Degen,* 362 Ill. 357, 199 N. E. 832.

The Illinois Banking Act goes further, however, and makes specific provision for collection of the creditors' claims against stockholders. Section 11 thereof confers upon the state Auditor of Public Accounts general supervision over state banks, and authorizes the auditor, if upon examination the capital of the bank appears to have become impaired to such extent that it cannot be reorganized, but must be liquidated, to appoint a receiver of its assets with power to collect claims due it and liquidate its property. Obviously, this was what happened in the case of the Central Manufacturing District Bank, and Leimert was the general receiver appointed by the Auditor of Public Accounts and confirmed by the Cook County Court. The same section of the act then provides: "When any banking association, organized under this Act shall have gone into liquidation under the provisions of this section of the Act, the individual liability of the shareholders provided for by section six (6) of this Act may be enforced by any creditor of such association, by bill in equity, in the nature of a creditor's bill, brought by such creditor on behalf of himself and all other creditors of the association against the shareholders thereof, in any court having jurisdiction in equity for the county in which such bank or banking association may have been located or established. The court in which such suit is instituted may appoint a receiver and require of him such bond and security as seems proper for the purpose of collecting, receiving, and disbursing the amounts due from the stockholders on account of their ownership of the stock of said bank. Said receiver shall have authority upon the order of the court appointing him to employ such auditors and assistants as may be necessary to establish and recover the liabilities of the stockholders, and may, with the approval of the court, enter into compositions with insolvent stockholders, if any. The costs of such proceedings, including reasonable solicitor's fees for complainants' solicitors, and other necessary expenses of

collection, may on the order of court be paid out of the funds collected by said receiver. The funds so collected, after the payment of the costs and expenses of collection, including solicitors' fees, shall be distributed according to law among the creditors of said bank in such manner as the court shall direct."

The evidence shows that the present claimant, Hurwith, was the receiver appointed under the foregoing section of the act, as special receiver in a representative suit by creditors to enforce the liability of stockholders, and was duly authorized, by the court which appointed him, to prosecute the claim herein. The right of a creditor to bring such a suit is undoubted, the Illinois court has declared, this right being a collective one, as respects all creditors, against all stockholders found to be liable: *Heine v. Degen,* supra; *Elkin v. Diversey Trust & Savings Bank,* 363 Ill. 160, 1 N. E. (2d) 844; nor does the statutory provision violate the Federal and Illinois state constitutions: *Comstock v. Morgan Park Trust & Savings Bank,* 363 Ill. 341, 2 N. E. (2d) 311.

Several of our own cases have involved the question of the proper party to sue or present a claim in a Pennsylvania court against a stockholder resident in this state. We have taken the view that, unless the law of the state conferring the right of action expressly permits the creditor to sue the stockholder in his own name, such an action cannot be sustained after a receiver, representing, inter alia, creditors, has been appointed in that state. In *Cushing v. Perot,* 175 Pa. 66, 34 A. 447, the plaintiff was a judgment creditor of a Kansas corporation, whose stockholders were made subject by the constitution of that state to a liability for debts of the corporation to an amount equal to the par value of their stock. The defendant was a stockholder resident in Pennsylvania. It appeared that prior to the bringing of the suit a receiver of the corporation had been appointed in Kansas. We held that manifest considerations of convenience and justice forbade the suit in

Pennsylvania, where a receiver had already been appointed in the domiciliary jurisdiction who was empowered to represent all the creditors and to do equity to the claims of all by a general administration of the assets of the corporation and distribution thereof. We said, at page 73: "The plaintiff asks us to enforce against a citizen of Pennsylvania a liability created solely by the local statutes of Kansas, and to enforce it in the form prescribed by those statutes, although that form is repugnant not only to our own established mode of procedure in analogous cases, but also to strong considerations of convenience and natural justice." After stating the general rule, that a duly appointed receiver is the proper party to enforce such a right of action, we declared (pp. 76-77): ". . . in the absence of a controlling weight of authority, and as already said especially in the absence of an express decision of the Supreme Court of Kansas, we are not willing to depart from the settled general rule. The objections to doing so appear to us unanswerable. A receiver represents not only the corporation but all its creditors, and as to the latter it is his duty to secure all the assets available for their payment. For this purpose he succeeds to their rights, and has all the powers to enforce such rights that the creditors before his appointment had in their own behalf, even though such powers be beyond those which he has as the representative of the corporation alone. As each creditor may sue, the right is equal in all, and common to all, and hence the receiver who represents all alike is the proper party to assert the common right and pursue the common remedy for the common benefit. We do not of course refer to pending suits already begun by creditors before the appointment of the receiver. As to them his power to interfere may be doubted. But as to others he is clearly the proper party. If any creditor or class of creditors have preferred claims, or, as argued here, special claims against special liabilities, that does not deprive the receiver of the right

or relieve him from the duty to gather them all into his hands for proper distribution. In this manner the rights of all will be protected and justice be done in a single proceeding in which every one will get what is his due, no one will be called upon to pay more than his fair proportion, and the expense, delay, inconvenience and inevitable occasional injustice of separate actions by different creditors against different stockholders, with their attendant legion of resulting actions for contribution, will be avoided. This is so consonant with convenience and natural justice, as well as with our own settled procedure in analogous cases, that we will not be easily moved to depart from it."

*Ball v. Anderson,* 196 Pa. 86, 46 A. 366, was an almost identical case, again involving a Kansas corporation. Since the decision in *Cushing v. Perot,* supra, however, the Kansas court had held that, notwithstanding the appointment of a receiver, the individual creditor had a right of action. We held, therefore, that despite the established policy of our courts to confine the right to sue to the receiver, recovery in favor of the creditor must be allowed, saying, at page 89, that "the obligation of the stockholder is to be measured as to its extent and character by Kansas law . . . we are bound to conform our administration of the law to the decisions of the Kansas courts." In *Bates v. Day,* 198 Pa. 513, 48 A. 407, we denied relief in equity in a suit brought by some, but not all, of the creditors of a foreign corporation against a single Pennsylvania stockholder, the corporation itself not being a party, either as plaintiff or defendant, this court saying: "With part of the creditors—and a single stockholder only, as parties to this proceeding, it was not within the power of the court below, to administer the equitable relief required." Also, in that decision we reiterated the policy of the Pennsylvania courts toward such suits, as follows: "Nor is it proper that part of the creditors should be allowed to maintain a separate suit for the enforcement of the lia-

bility in their own behalf; the security created by the statute should rather be held for the benefit of all creditors." See also *Clark v. Davidson*, 83 Pa. Superior Ct. 79; *Whitman v. Oxford Nat. Bk.*, 176 U. S. 559; *Hale v. Hardon*, 95 Fed. 747; *Knickerbocker Trust Co. v. Myers*, 133 Fed. 764; *In re Cohen's Estate*, 269 N. Y. S. 235.

In the case before us the right of claimant receiver to present and enforce the admitted liability of decedent, as the owner of the bank stock, is plainly in conformity with our declared policy in enforcing such claims; he is, in fact, the only party who can administer its proceeds, if collected, under forms of equity, in harmony with the rights of all creditors, the persons primarily entitled. The law of the jurisdiction which confers the right and imposes the liability is determinative as to the identity of the party entitled to enforce it: *Cushing v. Perot*, supra; *Ball v. Anderson*, supra; *First National Bk. v. Darlington*, 25 Pa. Superior Ct. 438; *Keystone Wrapping Mach. Co. v. Bromeir*, 42 Pa. Superior Ct. 384.

The only reason advanced by appellant why claimant herein is not entitled to present, enforce and collect his claim in the Pennsylvania court is a single decision of the Supreme Court of Illinois, in *Golden v. Cervenka*, 278 Ill. 409, 116 N. E. 273. This involved the failure of another Chicago bank, which was closed pursuant to proceedings upon a bill in equity filed in June, 1914, by the Auditor of Public Accounts, praying for dissolution of the bank and the appointment of a receiver. The receiver was appointed and liquidation and distribution of assets followed, pending which certain creditors began actions at law in another court against stockholders to collect the stockholders' liability above referred to. Other creditors thereupon filed a bill in equity to enjoin the further prosecution of the actions at law, to compel payment by stockholders of their constitutional liability, and likewise for the appointment of a receiver

to collect the same. The receiver appointed in the Auditor's suit was made a party, and he filed a cross-bill asking the same relief. After a hearing, a decree was rendered against the stockholders ordering payment to be made by them to the receiver appointed in the Auditor's suit. Whether a receiver was appointed in the creditors' suit does not appear from the reported case. Some of the stockholders appealed on the ground that the decree ordering payment to the Auditor's receiver was unwarranted. The court held it was, and reversed the decree, saying, at page 435: "Section 11 of the Banking Act provides that when it shall be ascertained, in the course of the administration of the estate of a bank in the hands of a receiver, that the assets of the bank are insufficient to discharge the entire liabilities of such bank to its creditors and the amount of the deficiency is determined, the court may, in its discretion, direct the receiver to proceed to enforce the liability of the stockholders to creditors, and that when so directed the receiver shall have the power, and it shall be his duty, to take such action, by a suit or otherwise, as the court may direct, to enforce such liability for the benefit of the creditors. The stockholders' liability created by the constitution is to the creditors of the corporation, and is a several and individual liability on the part of each stockholder to each creditor. It is not a liability to the corporation or to the creditors of the corporation as a class, but to each individual creditor on the part of each individual stockholder. Therefore it is the creditors, alone, individually or collectively, who can enforce the liability by such remedies as the law affords. . . . If the liability of stockholders to creditors were imposed by the statute the legislature might provide for the manner in which such statutory liability should be enforced, and might authorize the Auditor, or the receiver appointed in the Auditor's suit, to enforce such liability and to control the proceedings for that purpose. The rights of the creditors in such case being statutory,

would be subject to such terms as the legislature might impose, but the creditors' rights in this case being constitutional, cannot be restricted by terms imposed by the legislature. If the receiver can enforce this liability against the stockholders then the decree must be binding on the creditors and payment to the receiver will discharge the stockholders. The stockholders cannot be compelled to pay unless their payment discharges the liability. Therefore the statute provides for the collection by a stranger of the individual debt due the creditor and the discharge of the debtor without the creditor's consent. . . . The creditors have no control over such suit and are not parties to it, except as they may become parties by making proof of their claims. The Auditor represents the creditors only so far as the assets of the bank are concerned. The receiver acquires title, through the corporation, to corporate assets, only, and as to such assets he represents the creditors but not in relation to their individual property. The creditors have a right to pursue and control their own remedies in regard to their own individual property, and did begin a suit for the enforcement of the stockholders' liability. It is an unauthorized interference with the rights of the creditors to authorize the collection of the indebtedness due to them individually by a stranger, and with the rights of the stockholders to compel them to pay to a stranger when the legislature has no authority to make the receipt of the stranger a discharge of the debt. Section 11 is invalid in so far as it authorizes the enforcement of the liability of stockholders to creditors by the receiver."

That case was decided in April, 1917, several years before the present Illinois General Banking Act, the basis of the instant case, was enacted. We have not been advised as to the provisions of the Banking Act then in force. From a reading of the passage quoted above from the opinion in *Golden v. Cervenka,* it would appear to have contained different provisions dealing with the

collection of stockholders' liabilities. The court refers to the act then in force as authorizing "proceedings by the receiver to enforce the liability of the stockholders to creditors." The reference is plainly to the receiver appointed in the Auditor's suit, who would correspond here to Leimert. As the court aptly says: "The creditors have no control over such suit and are not parties to it. . . . The Auditor represents the creditors only so far as the assets of the bank are concerned." That case decides merely that the Auditor's receiver cannot collect creditors' claims against stockholders.

As to the claimant, Hurwith, he is a receiver appointed, not by the state Auditor, but in a creditors' representative suit, solely for the express purpose of collecting this and other claims against stockholders, by a court of competent jurisdiction in the state where the cause of action arose. The decree of the Chicago court expressly authorizes claimant to prove in the court below the claim now before us. No individual creditor is objecting. Indeed, the creditors undoubtedly are eager to press their claim in precisely the manner in which it is now being urged. The claim admittedly is valid and existing. The sole objection is a procedural one. Claimant was appointed receiver in a representative suit, at the instance of creditors, and solely for the benefit of all of them. As such, he is acting as agent on their behalf, and every equitable consideration demands that the award in his favor be sustained. We have been unable to find any other decision of the Supreme Court of Illinois which bears on the subject at hand, and have been referred to none which deals with the right of a creditors' receiver appointed under the Banking Act of 1920, supra, to sue and recover against nonresident stockholders. We can only conclude that if the question now before us were presented to that learned court, it would find no inconsistency between the provision of the more recent act, permitting a creditors' receiver to sue and collect, and the clause in the Illinois Constitution

quoted above, which in *Golden v. Cervenka,* supra, was held infringed by the old act.

The other assignments of error do not appear to be strongly urged, and we find no merit in them. The evidence offered by claimant was largely in the form of interrogatories addressed to the bank auditor who made the examination of the assets and liabilities of the closed bank and to its cashier. The commission which issued from the court below directing the taking of this testimony was consented to by appellant's attorneys. The accruals of the bank's liabilities during the period when decedent held her stock, necessary to impose liability for its debts, were adequately shown and were taken from the books of the bank by those familiar with them. Nothing more could reasonably be required. When the interrogatories were offered in evidence, only a general objection was interposed on the grounds of incompetency and irrelevancy, without specification as to the reasons therefor. Appellant failed to offer any rebuttal proof whatever, and offered no defense. The assignments of error covering these phases of the case are without weight and are herewith summarily overruled.

The award made by the court below was proper, and its decree is affirmed, costs to be paid out of the estate.